158 N.J. Super. 302 (1978)
385 A.2d 1275
ELDORA ALFORD, APPELLANT,
v.
SOMERSET COUNTY WELFARE BOARD, DEPARTMENT OF INSTITUTIONS AND AGENCIES, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 7, 1978.
Decided March 21, 1978.
*304 Before Judges MATTHEWS, CRANE and ANTELL.
*305 Somerset-Sussex Legal Services, attorneys for appellant (Ms. Alberta T. Foster on the brief).
Mr. John Degnan, Attorney General, attorney for respondent Department of Institutions and Agencies (Mr. William F. Hyland, former Attorney General; Ms. Erminie L. Conley, Deputy Attorney General, of counsel, and Ms. Andrea M. Silkowitz, Deputy Attorney General, on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
This is an appeal from a decision of the Division of Public Welfare of the Department of Human Services (formerly the Department of Institutions and Agencies) upholding a determination of the Somerset County Welfare Board to terminate payment of Medicaid benefits to the five children of Eldora Alford (recipient), based on the availability of income in excess of program standards.
As a result of the physical incapacity of her husband, recipient and her five children, as of December 1, 1975, became eligible for monthly benefits in the amount of $506 provided under the Aid to Families with Dependent Children (AFDC) program. See 42 U.S.C.A. § 606(a)(1); N.J.S.A. 44:10-1(c)(1). As such, the Alford family was entitled to services provided under New Jersey's Medicaid program. N.J.S.A. 30:4D-3(f)(1). In June 1976 Mr. Alford was notified by the Social Security Administration that he had been determined eligible for Social Security disability benefits retroactive to June 16, 1975. As of July 1976 the Alford family began to receive monthly benefits from the Social Security Administration totalling $616.10: $47.20 for each of the Alford's five children, the oldest of whom was then 14, and Mrs. Alford, and $332.90 for Mr. Alford. Upon reevaluation of the income available to the family, the welfare board in March 1977 concluded that AFDC benefits must be terminated since the family income exceeded the allowable AFDC income level of $361. On March 18, 1977 recipient was notified by the board as to *306 the termination proposed to be effective April 1, 1977. The board also notified recipient that her minor children could no longer be deemed eligible for benefits provided under the Medicaid special program. (R. 1976, d. 97 (Exempt, Emergency Rule), 8 N.J.R. § 231 (March 29, 1976)). The basis for the board's action was its determination that the Alford children, being financially and emotionally dependent upon their parents for support and guidance, could only be deemed eligible if the family's income, as calculated by AFDC procedures, would render the family financially eligible for AFDC. Public Assistance Manual (PAM) § 8541.3, 8 N.J.R. § 231. Since the family's total income of $616.10 exceeded the AFDC schedule allowance of $361, eligibility under PAM § 8541.3 was not established.
On April 4, 1977 recipient filed a request with the Division of Public Welfare for a fair hearing to challenge the action taken by the county welfare board. The children's Medicaid benefits were continued pending completion of the fair hearing process.
At the fair hearing conducted on April 26, 1977 recipient presented testimony as to the income available to the children and to the family unit from the Social Security Administration, and an itemization of the family's monthly expenses. The sole evidence proffered in support of the appellant's contention as to the children's independency was the receipt by each of $47.10 a month in Social Security benefits.
The hearing officer found that recipient had failed to meet her burden of establishing the independence of her minor children. The officer concluded that the agency therefor correctly computed Medicaid Special eligibility based upon the family unit's total income, and recommended to the Director of the Division of Public Welfare that the agency's termination of benefits be upheld. In an opinion dated June 8, 1977 the Director adopted the hearing officer's findings and affirmed the board's termination of benefits.
*307 Title XIX of the Social Security Act, 42 U.S.C.A. § 1396 et seq., authorizes the appropriation of federal monies to states which have chosen to implement a medical assistance program in accordance with the terms set forth in 42 U.S.C.A. § 1396a(a)(1)-(36). The purpose of the federal contribution is to enable each participating state: "as far as practicable under the conditions in such state, to furnish (1) medical assistance on behalf of families with dependent children and of aged, blind or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services * * *." 42 U.S.C.A. § 1396 (emphasis supplied). The Congress, in enacting this legislation, did not mandate that participating states assume the burden of aiding all needy individuals who were incapable of obtaining necessary medical services. Dimery v. Iowa Dep't of Social Services, 344 F. Supp. 1181 (D. Iowa 1972). Rather, it was the legislative intent that the condition for the receipt of federal contributions be only such that the individual states provide supplemental assistance to persons receiving benefits under the Supplemental Security Income (SSI), 42 U.S.C.A. § 1382 et seq., its predecessor programs, or the Aid to Families with Dependent Children (AFDC) program, 42 U.S.C.A. § 602 et seq. (see 42 U.S.C.A. § 1396a(a) (10)(A)), as well as three additional "categorically needy" segments: (1) persons financially eligible for SSI or AFDC benefits who are disqualified under the state's program by an age, residency or citizenship requirement prohibited by the Medicaid Act, 42 U.S.C.A. § 1396a(b)(1), (3) and (4), 45 C.F.R. § 248.1(b)(3)(i); (2) individuals under 21, who are disqualified for AFDC benefits by age or school attendance requirements, 42 U.S.C.A. § 1396a(b)(2), 45 C.F.R. § 248.1(b)(1)(ii), and (3) essential spouses of SSI (or its superceded programs) recipients who live with such recipients and whose needs are considered in determining the amount of such assistance, 42 U.S.C.A. § 1396d (a)(vi), 45 C.F.R. § 248.1(b)(2)(v). Beyond this core *308 group no additional classes of individuals need be provided for under a state Medicaid plan.
Participating states may, however, choose to extend benefits to additional categories of individuals: (1) one or more of the six designated groups set forth in 45 C.F.R. § 248.1 (c) (1)-(6) (the "optional categorically needy"), or (2) individuals who fall without the financial eligibility levels of the state AFDC or SSI programs, 42 U.S.C.A. § 1396a(a) (10) (C) (the "medically needy"). Of these suggested classes of eligible recipients, New Jersey has undertaken to extend benefits only to three of the "optional categorically needy" groups: (1) individuals who are categorically eligible for AFDC or SSI or state supplementary SSI benefits but who have not applied for such assistance, 45 C.F.R. § 248.1(c) (1), N.J.S.A. 30:4D-3(f)(6), N.J.S.A. 44:7-90; (2) families who would be eligible for benefits provided under AFDC-U (42 U.S.C.A. § 607, 45 C.F.R. § 248.1(c) (3), N.J.S.A. 30:4D-3(f)(7), Public Assistance Manual (PAM) § 8541.2 (groups of individuals under 21 who qualify on the basis of financial eligibility for AFDC benefits but do not satisfy the criteria for dependent children under the State's AFDC plan, 45 C.F.R. § 248.1(c) (4). As to the latter category New Jersey has designated three eligible groupings:
(1) Children under 21 in foster homes or private institutions for whom the Division of Youth and Family Services or a private adoption agency is assuming financial responsibility, N.J.S.A. 30:4D-3(f) (5);
(2) Any dependent child under age 21 whose family's income as calculated by AFDC procedures would render the family financially eligible for AFDC, regardless of other program requirements.
(3) A child under age 21 who is independent, whether or not he/she lives with his/her family, so long as such child's income is less than that of the applicable AFDC standard. N.J.A.C. 10:81-8.22, PAM § 8541.3.
It is as to the latter two categories, commonly designated Medicaid Special, that recipient's challenge arises.
*309 Recipient advances the somewhat simplistic argument that her children meet the requirements set out in group (3) above because each is under 21 and may be considered independent because each receives his or her own Social Security check to cover necessities in the amount of $47.50 a month, and because the amount so received clearly belongs to each child as individuals and not as a family group. Since each child's income is less than half of the applicable AFDC standard which, if calculated in accordance with the Assistance Standards Handbook, § 334.4, Schedule IV, his or her eligibility for Medicaid Special cannot be questioned.
She also claims that the use of the terms "dependent" and "independent" create an ambiguity because of a lack of definitions, and that such ambiguity is magnified by the provisions of PAM § 8543.22 which require that the income eligibility of all members of the eligible unit must be determined in cases when a child is a dependent living with his or her family.[1] We find no such ambiguity.
The Division of Public Welfare, in an effort to clarify any confusion that might exist because of the use of the term "independent" in the questioned regulation, equated that term with "emancipated" in circular letter No. 76-4-5, dated April 19, 1976. We believe that whatever doubt may have existed because of the employment of the term "independent" in the regulations, was dissipated by the explanation in the circular letter.
"Emancipation" is a term well known in the law. With respect to its use in connection with the status of minor children it is defined in Ballentine's Law Dictionary (3 Ed. 1969), 397, as: *310 * * * the relinquishment by a parent of control and authority over his minor child, conferring on him the right to his earnings, and terminating the parent's legal duty to support the child.
This definition has been accepted in our State. Cafaro v. Cafaro, 118 N.J.L. 123, 124 (E. & A. 1936)  "* * * in its general sense it signifies a surrender and renunciation of the correlative rights and duties touching the care, custody and earnings of the child."
There is no age fixed in the law when a child becomes emancipated. Prior to the attainment of majority, there is a presumption against it, and the burden of establishing that status is on the party who asserts it. While arrival at majority does not, in itself, necessarily result in emancipation, the status is prima facie achieved at that age. Cafaro v. Cafaro, above; Straver v. Straver, 26 N.J. Misc. 218, 222, 59 A.2d 39 (Ch. 1948); Limpert v. Limpert, 119 N.J. Super. 438, 440 (App. Div. 1972). Obviously, the basis asesrted here for the "independence" of the Alford children, the receipt by each of $47.50 in Social Security benefits each month, falls far short of the burden of proof imposed.
As in all welfare eligibility determinations, the Medicaid Special applicant bears the burden of establishing program eligibility. See Lavine v. Milne, 424 U.S. 577, 584, 96 S.Ct. 1010, 47 L.Ed.2d 249 (1976). At the fair hearing it was conceded that the children were dependent on the parents as a family unit, and no evidence was forthcoming as to the children's ability to support themselves solely on the Social Security income, or as to their control of its use. It was therefore incumbent on both the hearing officer and the Director to conclude that each of the Alford children was largely dependent upon his or her parents' income and care for support and maintenance, and more importantly, that each failed to exercise any independent control as to his or her care and maintenance. We cannot accept the mere fact of receipt of money under the circumstances presented as sufficient to establish independence of the children from the parents' control.
*311 Although the result of the determination made here disqualifies the children from Medicaid benefits and perhaps, by reason of the limited funds available to the family unit, of coverage by a health insurance policy, such a result is not, as recipient contends, inconsistent with State Medicaid policy as set forth in N.J.S.A. 30:4D-2.[2] As we indicated above, extension of Medicaid benefits to children under 21 who are not eligible for SSI or AFDC benefits is optional with each state. Recipient studiously disregards the express limitation established by the Legislature of extending medical assistance "within the limits of funds available for any fiscal year for such purposes * * *" in her construction of the Medical Assistance and Health Act (N.J.S.A. 30:4D-1 et seq.) Moreover, the absence of adequate resources for securing medical care at the applicant's own expense does not, as recipient implies, create automatic entitlement to state aid, since the phrase, as used in N.J.S.A. 30:4D-2, is a relative description, limited to persons "determined' by the State to be without sufficient resources.
Recipient's argument that it is irrational and arbitrary to deny assistance to persons incapable of bearing the costs of comprehensive medical coverage is a matter of legislative rather than judicial concern. As was noted by the three-judge federal court in Dimery v. Iowa Dep't of Social Services, above, in response to a similar argument, it is consistent with the federal goal of meeting the needs of persons already *312 eligible for categorical assistance benefits and the state's goal of providing full benefits to those persons to extend eligibility to the optional categorically needy only insofar as budgetary limitations permit; such a decision must be deemed reasonable because of the realities of the fiscal crises facing each state. 344 F. Supp. at 1184. See Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).
Affirmed.
NOTES
[1] PAM § 8543.22 provides that where an applicant is determined to be a dependent child, "[t]he income eligibility of all members of the eligible unit must be determined * * *." Accordingly, the entire income available to the Alford family ($616) was considered and effected disqualification in that it was in access of the AFDC eligibility level of $361.
[2] N.J.S.A. 30:4D-2 provides:

It is the intent of the Legislature to make a statutory provision which will enable the State of New Jersey to provide medical assistance, insofar as practicable, on behalf of persons whose resources are determined to be inadequate to enable them to secure quality medical care at their own expense, and to enable the State, within the limits of funds available for any fiscal year for such purposes, to obtain all benefits for medical assistance provided by the Federal Social Security Act as it now reads or as it may hereafter be amended, or by any other Federal act now in effect or which may hereafter be enacted.