179 N.J. Super. 607 (1981)
433 A.2d 445
WILLIAM HOWARD WANNER, PLAINTIFF-RESPONDENT,
v.
KATHLEEN M. LITVAK, FORMERLY KATHLEEN MARIE WANNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1981.
Decided July 27, 1981.
*608 Before Judges BOTTER, KING and McELROY.
Rocco Ravaschiere argued the cause for appellant (Parsons, Canzona, Blair & Warren, attorneys; William T. Koch, Jr., on the brief).
Samuel L. Epstein argued the cause for respondent.
The opinion of the court was delivered by McELROY, J.A.D.
*609 This is a matrimonial matter which involves the issue of the obligation of divorced parents for contribution to the college education of a child of the former marriage who has attained the age of majority. The issue recently received thoughtful treatment in Sakovits v. Sakovits, 178 N.J. Super. 623 (Ch.Div. 1981).
The parents in this case were divorced on July 12, 1972. Plaintiff husband was granted custody of their son and defendant wife was granted custody of their daughter Kerry. The husband was ordered to pay $20 a week toward this child's support. Following the divorce the wife remarried and moved with her second husband to Kentucky. An order of the Chancery Division permitted her to take Kerry to live with her in that state.
On October 26, 1979 a matrimonial judge heard a motion by plaintiff to terminate support for Kerry and a motion by defendant to compel plaintiff to pay the college expenses of Kerry at the University of Kentucky. By reason of the vague and inadequate nature of the affidavits then before him and because it appeared that Kerry then was working and living apart from defendant, the judge ruled that plaintiff's obligation for support of Kerry should terminate. On November 20, 1979 an order was entered "without prejudice" terminating the support order by reason of Kerry's "temporary" emancipation and denying defendant's motion for payment by defendant of Kerry's college expenses.
Defendant again moved for payment of Kerry's college expenses and the motion was heard by another judge on April 25, 1980. At this hearing plaintiff's counsel conceded that plaintiff was willing to pay for one-half of Kerry's tuition, books and student activity charges. Defendant sought that plaintiff pay all of those expenses as well as maintenance expenses for Kerry who desired to live away from home while attending college, although both her home with defendant and the college were in *610 the city of Lexington, Kentucky. Defendant's certification listed a total of $2,341.53 as necessary to cover all expenses. Plaintiff urged in his affidavit that defendant, who was employed as a real estate agent, could afford to pay half the expenses; that Kerry's stepfather was a well-to-do urologist; that Kerry could live at home with her mother while attending college and commute to school, "which is a question of maybe five or ten minutes." He also pointed out that Kerry had a part-time job and could pay for her own clothes "and such incidentals as she may need." This generated an affidavit from Kerry which stated that she found attending class and working part-time "very difficult" and that she intended to quit her job. Defendant also replied to plaintiff's affidavit with an affidavit asserting that her gross income from real estate sales was $4,673 in 1979. Plaintiff's affidavit avoided any reference to the amount of his income. The affidavits of plaintiff and defendant reflect the bitterness with which each regards the other. Kerry's affidavit demonstrates the usual plight of a child caught in between parents who would rather fight each other than reasonably and sensibly try to work out what is best for Kerry even though both apparently want her to have a proper education.
At the hearing on April 25, 1980 the judge referred to the first judge's order terminating Kerry's support because she was emancipated and held that under Kruvant v. Kruvant, 100 N.J. Super. 107 (App.Div. 1968), "there's no jurisdiction in the court for support after somebody's been emancipated when there is an order to that effect." When defendant's counsel reminded the judge that the order was without prejudice the judge replied, "It can be without prejudice but it doesn't help much in light of that Appellate Division ruling in 1968." The judge offered defendant's counsel the time to read the Kruvant case and further argue the matter. Although it appeared at first that counsel accepted that opportunity, he instead left the courthouse and this appeal followed. The judge then directed plaintiff's counsel to draw an order "limited to payment of $177 *611 for present expenses for tuition, health fee and books." An order directing plaintiff to pay that amount was entered.
In our view of the matter the trial judge was mistaken in determining he lacked jurisdiction to hear the motion brought by defendant. Kruvant v. Kruvant is factually inapposite to the case at hand. Kruvant presented a situation where the son for whom support was sought was then 25 years of age and who, after attaining his majority, had maintained his own apartment, traveled to Europe, held at least two jobs and attended a variety of schools. The onset of his mental disorder appeared to have occurred when he was 24 years old. The court recognized that N.J.S.A. 2A:34-23, which conveys jurisdiction on our courts "to make such order ... as to the care, custody, education and maintenance of children ... as the circumstances of the parties and the nature of the case shall render fit, reasonable and just...," authorized "support for such time as the nature of the case and the circumstances of the parties render suitable and proper." Id., 100 N.J. Super. at 119. Because, however, the facts in Kruvant demonstrated that the disability of the son came about after he attained his majority, the court held:
... [W]e do not believe that the Legislature in enacting N.J.S. 2A:34-23 intended to confer jurisdiction upon the court to compel a husband or wife to support a child suffering from a disability which did not exist at the time of his attaining his majority but came about some time later. (Id. at 120)
Thus, the court held that the matter could not be decided on a motion to reopen and modify the provisions for the support of the son contained in the original judgment for divorce but would have to proceed by means of a separate common law suit. The court however, noted that an amendment of plaintiff's motion "to allege and attempt to prove facts establishing the jurisdictional requirements" that such disability did exist at majority, would confer jurisdiction to modify the original judgment of divorce. Id. at 121-122.
It is clear that N.J.S.A. 2A:34-23 grants jurisdiction to a court to entertain, in circumstances such as presented here, a motion to modify the original judgment of divorce to seek *612 payment of support and expenses for a child attending college, and the mere fact that such child is at the age of majority is no bar. Kruvant does not hold otherwise. There is no age fixed in the law when a child becomes emancipated. Alford v. Somerset Cty. Welfare Bd., 158 N.J. Super. 302, 310 (App.Div. 1978).
Nor was the order of November 20, 1979 a bar to jurisdiction, it having been entered on affidavits and was perhaps improvidently granted without a plenary hearing. Cf. Barrie v. Barrie, 154 N.J. Super. 301, 303 (App.Div. 1977); Skillman v. Skillman, 136 N.J. Super. 348, 350 (App.Div. 1975). See, also, Kruvant, supra 100 N.J. Super. at 121. In any event, that determination was, as the first judge noted, made "without prejudice to the child to come up with specific information as to what college, what tuition, what room and board, et cetera, what needs." That judge reasoned that, "there's no reason why a child can't be dependent, and then temporarily emancipated, and then dependent again. Some of these children take a year or two to get their heads on straight after they get out of high school... and they shouldn't be cut off forever because there is a gap between the end of high school and college." Clearly, the order was not intended to be of the quality which would, as the second judge viewed it, divest the court of jurisdiction to rehear the matter, and Kruvant, moreover, gives no support to any such conclusion. The order entered below is therefore vacated and the matter is remanded for further proceedings in accordance with this opinion.
Since a remand is necessary we commend the trial court's attention to Sakovits v. Sakovits, supra, and the discussion of the law applicable to the issue of the obligation of both parents in these circumstances to provide the expenses necessary to the education of their child. We also direct that the matter be given a plenary hearing. Our examination of the affidavits already filed by both parties demonstrate that they are more full of bitter denunciations of the other party than candid. They are less than satisfying and unworthy of an issue of this *613 calibre. Moreover, the history of this case is such that by the time of hearing the affidavits will have become factually stale. The issue is one which better lends itself to a plenary hearing and the opportunity for cross-examination.
Reversed and remanded.