NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2192-15T2

LORI B. LICHTER,

 Plaintiff-Appellant,

v.

BRAD E. LICHTER,

 Defendant-Respondent.
____________________________

 Argued May 4, 2017 – Decided June 23, 2017

 Before Judges O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Monmouth
 County, Docket No. FM-13-136-93.

 John J. Hopkins, III argued the cause for
 appellant.

 Richard J. Kaplow argued the cause for
 respondent.

PER CURIAM

 Plaintiff appeals from an October 26, 2015 order denying her

motion for reconsideration of an August 11, 2015 order, which

emancipated the parties' daughter. We affirm.
 Plaintiff and defendant divorced on October 26, 1993,

pursuant to a final judgment of divorce. The parties executed a

property settlement and support agreement, which provided that

plaintiff and defendant would have joint legal custody, however,

plaintiff would have primary residential custody of the couple's

son and daughter. Plaintiff was to receive $630 twice per month

in child support for the children, who at the time were four and

one. Both parties agreed to contribute to college expenses, but

the precise amount of each parties' share would "abide the event."

In 2007, defendant's child support was modified to $150 per week.

 We note at the outset the limited record before us. We do

not have notices of motion, nor certifications or affidavits

submitted by either party in support of the August 11, 2015 motion

for emancipation and other relief. We rely upon and discern the

facts as recited in the August 11, 2015 opinion and order of the

Family Part, as well as the transcript of the motion for

reconsideration.

 Following the daughter's college graduation, defendant moved

for emancipation and to terminate child support, effective April

30, 2015, recalculate child support for his son, and for counsel

fees and costs. At the time of the application, defendant asserted

his daughter was twenty-three years old, worked part-time, and

supported herself. Plaintiff moved to deny defendant's request

 2 A-2192-15T2
to emancipate, sought an increase in child support for the parties'

son, asked for the matter to be referred to probation for

recalculation of child support, and for counsel fees and costs.

Plaintiff argued her daughter would attend Monmouth University

full-time in the fall of 2015, would be involved in an intensive

internship program, and would not be able to earn an income during

that time. Plaintiff requested defendant pay for some school

expenses, including, but not limited to, $32,000 in taxes

attributed to the Monmouth tuition benefit and some book expenses.1

Plaintiff also requested an increase in child support for the

parties' son, whose Supplemental Security Income would be reduced

to $420.25 per month in June 2015. Defendant responded the

parties' agreement did not contemplate contribution to graduate

school.

 On August 11, 2015, the Family Part judge granted defendant's

motion to emancipate the daughter and terminate child support

payments as to her. The court reserved decision as to the

recalculation of child support in order for plaintiff to complete

1
 Plaintiff is an employee of Monmouth University, and as such,
her daughter attended the undergraduate program without tuition
charges. The $32,000 tuition was an employment benefit of
plaintiff. However, plaintiff asserts her daughter's post-
graduate tuition was included in plaintiff's salary, substantially
increasing her associated tax withholding, thus diminishing
plaintiff's weekly income.

 3 A-2192-15T2
a case information statement (CIS). The Family Part judge found

it unclear whether the daughter was "beyond the sphere of parental

influence" but because she is over eighteen, there is a rebuttable

presumption of emancipation at eighteen which plaintiff had not

overcome. Counsel fees were denied.

 Plaintiff filed an untimely motion for reconsideration of the

August 11, 2015 emancipation order, arguing defendant should be

required to contribute to the daughter's graduate school expenses

pursuant to their property settlement and support agreement to

contribute to college.2 Oral argument was held on October 16,

2015, and on October 26, the court denied plaintiff's motion,

finding plaintiff had not articulated a basis to reconsider the

order of emancipation, concluding the terms of the parties'

agreement extended only to college costs, and noting plaintiff's

motion was untimely. This appeal followed.

 Plaintiff's notice of appeal and CIS identify only the October

26, 2015 denial of the motion for reconsideration for our review;

however, her brief addresses the August 11, 2015 order granting

defendant's motion to emancipate. Rule 2:5-1(f)(3)(A) states,

"the notice of appeal . . . shall designate the judgment, decision,

action or rule, or part thereof appealed from." "[O]nly the

2
 We have not been provided the notice of motion for
reconsideration.

 4 A-2192-15T2
judgments or orders or parts thereof designated in the notice of

appeal which are subject to the appeal process and review."

Pressler, Current N.J. Court Rules, cmt. 6 on R. 2:5-1(f) (2017).

We may consider an order not identified in the notice of appeal

where "the basis for the motion judge's ruling on [a first order

and a later order are] the same. In such cases, an appeal [from

the later order] may be sufficient for an appellate review of the

[earlier order], particularly where those issues are raised in the

CIS," Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super.

455, 461 (App. Div.), certif. denied, 174 N.J. 544 (2002), by

"clearly indicat[ing]" the earlier order is "one of the primary

issues presented by the appeal." Synnex Corp. v. ADT Sec. Servs.,

Inc., 394 N.J. Super. 577, 588 (App. Div. 2007). Here, plaintiff

has not provided a record sufficient to address the August 11,

2015 order; therefore, we only address plaintiff's appeal of the

October 26, 2015 motion for reconsideration.

 On appeal plaintiff argues the court erred by emancipating

the parties' daughter and should have required defendant to

contribute to graduate school expenses.

 This court's review of a trial court's findings are limited,

and "findings by the trial court are binding on appeal when

supported by adequate, substantial, [and] credible evidence."

Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms

 5 A-2192-15T2
Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).

"Because of the family courts' special jurisdiction and expertise

in family matters, appellate courts should accord deference to

family court fact[-]finding." Id. at 413. Additionally, we will

not disturb a trial court's reconsideration decision unless there

has been a clear abuse of discretion. Fusco, supra, 349 N.J.

Super. at 462.

 After a child reaches the age of eighteen, there is a

rebuttable presumption of emancipation. Filippone v. Lee, 304

N.J. Super. 301, 308 (App. Div. 1997). A child is emancipated

"when the fundamental dependent relationship between parent and

child is concluded, the parent relinquishes the right to custody

and is relieved of the burden of support, and the child is no

longer entitled to support." Ibid. Whether or not a child is

emancipated is a fact-sensitive inquiry. Ibid. The question is

therefore "whether the child has 'moved beyond the sphere of

influence and responsibility exercised by a parent and obtains an

independent status of his or her own.'" Ibid. (quoting Bishop v.

Bishop, 287 N.J. Super. 593, 598 (Ch. Div. 1995)). The factual

inquiry must necessarily include issues such as the "child's need,

interests, and independent resources, the family's reasonable

expectations, and the parties' financial ability, among other

things." Dolce v. Dolce, 383 N.J. Super. 11, 18 (App. Div. 2006).

 6 A-2192-15T2
 Initially the Family Part judge found it was "unclear" whether

the daughter was attending school since graduating from college

in January 2015, whether she was working full or part-time, and

whether there had been a lapse in her attendance at school.

Plaintiff did not provide evidence the daughter was living with

her during this time and did not demonstrate how the daughter was

not "beyond the sphere of parental influence." Therefore, the

court found plaintiff had not overcome the rebuttable presumption

her daughter was emancipated.

 On reconsideration, plaintiff attempted to supplement the

record by providing a certification by the daughter in support of

plaintiff's motion for contribution. This certification was filed

in September 2015, after the trial court granted defendant's motion

for emancipation. These facts were not previously presented when

the court issued its August 11, 2015 order despite the fact

plaintiff was aware of the information. The Family Part judge

denied plaintiff's motion because plaintiff did not demonstrate

the court failed to consider relevant evidence or based its

decision on incorrect reasoning.

 Motions for reconsideration are only granted in two narrow

situations. Fusco, supra, 349 N.J. Super. at 462. The first is

when "the [c]ourt has expressed its decision based upon a palpably

incorrect or irrational basis" and the second is when "it is

 7 A-2192-15T2
obvious that the [c]ourt either did not consider, or failed to

appreciate the significance of probative, competent evidence."

D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

Plaintiff's motion for reconsideration was denied in part because

plaintiff did not establish the court failed to consider evidence

or based its decision on incorrect reasoning.3 Based upon the

record before us, however, because the court found it was "not

clear" the daughter was beyond the sphere of parental influence,

we modify the order denying reconsideration to be without prejudice

to the right of plaintiff to move to unemancipate the couple's

daughter.

 Plaintiff also argues the judge erred in denying

reconsideration of the denial of plaintiff's request for

contribution of graduate school expenses. The judge denied

reconsideration relying on the parties' agreement, which only

contemplated contribution to college, not graduate school.

Plaintiff argues the judge should have considered Newburgh v.

Arrigo, 88 N.J. 529 (1982), which she asserts establishes her

right to receive both child support and contribution to graduate

school. In Newburgh, our Supreme Court held that, "in appropriate

circumstances, the privilege of parenthood carries with it the

3
 The motion for reconsideration was also denied because it was
filed out of time and was therefore procedurally deficient.

 8 A-2192-15T2
duty to assure a necessary education for children." Newburgh,

supra, 88 N.J. at 543. The Court added "[i]n general, financially

capable parents should contribute to the higher education of

children who are qualified students. In appropriate

circumstances, parental responsibility includes the duty to assure

children of a college and even of a postgraduate education such

as law school." Id. at 544.

 Defendant cites Gac v. Gac, 186 N.J. 535 (2006), which

reiterated "[i]n general, a parent's responsibility to pay child

support terminates when the child is emancipated." Id. at 542

(citing Newburgh, supra, 88 N.J. at 542-43). However, nothing

"prevents a parent from freely undertaking to support a child

beyond the presumptive legal limits of parental responsibility."

Dolce v. Dolce, 383 N.J. Super. 11, 18 (App. Div. 2006). A parent

may be required to contribute to a child's higher education

expenses even if the parent is no longer obligated to make monthly

child support payments to the other parent. See Jacoby v. Jacoby,

427 N.J. Super. 109, 118-19 (App. Div. 2012). Additionally, an

order emancipating a child does not necessarily bar a subsequent

order requiring parental contribution to higher education. Wanner

v. Litvak, 179 N.J. Super. 607, 612 (App. Div. 1981) (citing

Sakovits v. Sakovits, 178 N.J. Super. 623 (Ch. Div. 1981)). Here,

 9 A-2192-15T2
the parties agreed to defer discussion of contribution to college

costs but did not expressly agree to graduate school costs4.

 New Jersey favors the use of consensual agreements to resolve

marital controversies. J.B. v. W.B., 215 N.J. 305, 326 (2013).

Matrimonial settlement agreements are enforceable "to the extent

that they are just and equitable." Lepis v. Lepis, 83 N.J. 139,

146 (1980) (quoting Schlemm v. Schlemm, 31 N.J. 557, 581-82

(1960)). As in other contexts involving contracts, a court must

enforce a matrimonial agreement as the parties intended, so long

as it is not inequitable to do so. See Pacifico v. Pacifico, 190

N.J. 258, 266 (2007). When interpreting matrimonial settlement

agreements, the court should look to the terms as written "in the

context of the circumstances at the time of drafting and . . .

apply a rational meaning in keeping with the 'expressed general

purpose.'" Id. at 266 (quoting N. Airlines, Inc. v. Schwimmer,

12 N.J. 293, 302 (1953)). A court should not add terms to an

agreement "because one party later suggests that a few changes

would have made the agreement fairer." Dworkin v. Dworkin, 217

N.J. Super. 518, 523 (App. Div. 1987). Under that rational, the

4
 We do not know if the parties have ever addressed the deferred
discussion of contribution towards college expenses or whether
there were expenses defendant should have shared and for which he
may still be held accountable. Nothing in the agreement forecloses
the recovery of college expenses as contemplated.

 10 A-2192-15T2
Family Part judge relied upon the plain language of the parties'

agreement to deny plaintiff's application.

 Affirmed as modified.

 11 A-2192-15T2