> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3337-15T1

DEBORAH A. CONTE,

    Plaintiff-Appellant,

v.

DAVID S. AINSWORTH,

    Defendant-Respondent.

_____

Submitted May 25, 2017 — Decided August 31, 2017

Before Judges Lihotz and O'Connor.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Middlesex
County, Docket No. FD-12-0446-93.

Deborah A. Conte, appellant pro se.

Jabin & Fleming, LLC, attorneys for
respondent (Christian P. Fleming, on the
brief).

PER CURIAM

    Plaintiff Deborah A. Conte (mother) appeals from a March 2, 2016 Family Part order declaring the parties' daughter emancipated and terminating defendant David S. Ainsworth's

(father) obligation to pay child support.  We reverse and remand for further proceedings.

I

We derive the following facts from the motion record.  The parties' child was born in 1992 and is presently twenty-five years of age.  In 1992, the parties executed an agreement which established parenting time and a weekly child support amount the father was to pay the mother.  The father agreed to pay child support until the child was deemed emancipated.  At the time the court declared the child was emancipated, the father was paying $330 per week.  The father never exercised parenting time and saw the child for the first time when she was an adult.

In their agreement, the parties defined when the child was to be deemed emancipated.  Among other things, emancipation was to occur "upon the completion of the child's college education."  The agreement did not address the parties' contribution toward graduate school or, for that matter, college, apart and aside from the father's agreement to pay child support until the child completed college.

In May 2015, the child graduated from Caldwell University, with honors, with a B.A. in psychology and art.  The child managed to graduate from college even though, according to the mother, the child suffers from debilitating anxiety and

A-3337-15T1

depression, for which she had been treated with medication and therapy.  In September 2015, the child enrolled in a two-year program at the same institution to obtain a Master's Degree in mental health counseling.  As she had throughout college, the child planned to live in her mother's home while attending graduate school.

One month after the child graduated from college, the father unilaterally reduced his weekly child support obligation from $330 per week to $250 per week, and in August 2015, filed a motion to emancipate the child.  The mother filed a cross-motion to compel, among other things, the father to: (1) pay child support in the amount of $390 per week; (2) pay arrears in the amount of $880; (3) pay one-half of the child's graduate school expenses; (4) reimburse the child $10,647.50, representing one-half of the student loans the child borrowed to pay for the last two years of college; (5) provide a completed Financial Statement for Summary Support Actions and Confidential Litigant Information Sheet; and (6) pay counsel fees.

In the certification she filed in support of her motion, the mother stated the cost for the child to attend the graduate program was about $16,000 per year.  Although the child had obtained student loans in the past, the mother made no mention

3

of whether the child sought financial aid to defray graduate school costs.

The mother noted her income was limited to Social Security disability benefits of $1470 per month, plus food stamps, severely restricting her ability to contribute to the cost of the child's education. However, the mother had used the weekly child support payments to help pay for the child's food, shelter, and other living expenses. The mother did not indicate if the child had any assets or income. She mentioned the father was a practicing dentist, but did not know his income.

The father's position was straightforward. In his view, because the child had graduated from college, she was emancipated under the terms of the parties' agreement. Therefore, he maintained his obligation to pay child support should be terminated.

The trial court granted the father's motion to emancipate the child and to terminate his obligation to pay child support. The trial court held the child's emancipation was "guided by the agreement [the parties] entered into back in 1992. . . . Once she graduated from college, not post graduate, . . . the support obligation would stop. . . . Typically, under the laws of emancipation there would be some other considerations, but the agreement is what it is."

The mother challenges the court's determination to emancipate the child and terminate the father's child support obligation. Specifically, she contends the court erred by focusing on only the parties' agreement to determine the child was emancipated upon her graduation from college. The mother maintains the court should have utilized the factors provided by decisional authority addressing emancipation, such as Newburgh v. Arrigo, 88 N.J 529 (1982), to determine if the child was in fact emancipated and, if not, whether the father was obligated to contribute to the cost of graduate school. She also complains the court failed to rule on the other points of relief she sought in her notice of cross-motion.

The father argues the parties' agreement is binding and thus dispositive on the issue of the child's emancipation. He also notes that, because there is no relationship between him and the child, not to mention the child failed to discuss going to graduate school with him before she enrolled in the graduate program, under Newburgh, he is not required to contribute to the cost of graduate school, including paying child support.

At the outset, we review the fundamental legal principals governing the issues under review. We generally defer to a trial court's findings of fact, unless they are demonstrated to

lack support in the record or are inconsistent with the substantial, credible evidence. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974). However, we owe no special deference to a trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"One of the fundamental concepts in American society is that parents are expected to support their children until they are emancipated, regardless of whether the children live with one, both, or neither parent." Burns v. Edwards, 367 N.J. Super. 29, 39 (App. Div. 2004) (citing Dunbar v. Dunbar, 190 U.S. 340, 351, 23 S. Ct. 757, 761, 47 L. Ed. 1084, 1092 (1903)). "[A] parent is obliged to contribute to the basic support needs of an unemancipated child to the extent of the parent's financial ability." Martinetti v. Hickman, 261 N.J. Super. 508, 513 (App. Div. 1993).

Parents may agree child support is to terminate upon the occurrence of a certain event, but the right of a child to be supported by his or her parents is one that belongs to the child and cannot be waived by the custodial parent. Patetta v. Patetta, 358 N.J. Super. 90, 94 (App. Div. 2003) (citing Pascale v. Pascale, 140 N.J. 583, 591 (1995)). A child's right to

support is not "defeated merely because both parents are united in their determination to declare the child emancipated." Johnson v. Bradbury, 233 N.J. Super. 129, 136 (App. Div. 1989). "[T]he parental duty to support a child may not be waived or terminated by a property settlement agreement." Patetta, supra, 358 N.J. Super. at 95; see also Martinetti, supra, 261 N.J. Super. at 512 (finding right to child support not barred by a property settlement agreement providing for the termination of support when the child turned eighteen).

When a child reaches eighteen, the age of majority in this State, a parent can establish "prima facie, but not conclusive, proof of emancipation," see Newburgh, supra, 88 N.J. at 543 (citing Alford v. Somerset Cty. Welfare Bd., 158 N.J. Super. 302, 310 (App. Div. 1978), and the burden of persuasion shifts to the party seeking to maintain support to rebut the presumption of emancipation. Filippone v. Lee, 304 N.J. Super. 301, 308 (App. Div. 1997).

At that point, in determining whether a child is emancipated, "the essential inquiry is whether the child has moved 'beyond the sphere of influence and responsibility exercised by a parent and obtains an independent status of his or her own.'" Ibid. (quoting Bishop v. Bishop, 287 N.J. Super. 593, 598 (Ch. Div. 1995)). Such a "determination involves a

critical evaluation of the prevailing circumstances including the child's need, interests, and independent resources, the family's reasonable expectations, and the parties' financial ability, among other things." Dolce v. Dolce, 383 N.J. Super. 11, 18 (App. Div. 2006) (citing Newburgh, supra, 88 N.J. at 545).

"[W]hile parents are not generally required to support a child over eighteen, his or her enrollment in a full-time educational program has been held to require continued support." Patetta, supra, 358 N.J. Super. at 94. Contributing toward the cost of a higher education, including graduate school, is a form of support for an unemancipated child. Gac v. Gac, 186 N.J. 535, 542 (2006). "In appropriate circumstances, parental responsibility includes the duty to assure children of a college and even of a postgraduate education such as law school." Newburgh, supra, 88 N.J. at 544.

However, before considering whether a parent is required to contribute toward the child's support or higher education, the question whether the child is emancipated must be answered.

If the child is emancipated, the child's parents have no obligation to contribute toward the support of that child, including his or her higher education. But if the child is unemancipated and is seeking a parent's contribution toward

higher education, "the next consideration is whether the child has an aptitude for college." Ricci v. Ricci, 448 N.J. Super. 546, 573 (App. Div. 2017). If so, "then parental ability to afford the significant cost of college must be examined; it is not presumed." Ibid. To determine the extent to which a parent is to contribute toward a higher education, the factors in Newburgh must be considered.[1] Ibid.

---

[1] These factors are:

> (1) whether the parent, if still living with the child, would have contributed toward the costs of the requested higher education; (2) the effect of the background, values and goals of the parent on the reasonableness of the expectation of the child for higher education; (3) the amount of the contribution sought by the child for the cost of higher education; (4) the ability of the parent to pay that cost; (5) the relationship of the requested contribution to the kind of school or course of study sought by the child; (6) the financial resources of both parents; (7) the commitment to and aptitude of the child for the requested education; (8) the financial resources of the child, including assets owned individually or held in custodianship or trust; (9) the ability of the child to earn income during the school year or on vacation; (10) the availability of financial aid in the form of college grants and loans; (11) the child's relationship to the paying parent, including mutual affection and shared goals as well as responsiveness to parental advice and guidance; and (12) the relationship of the

Here, the court determined the child was emancipated because the parties agreed she would be once she finished college. However, the fulfillment of one of the parties' definitions of emancipation — graduation from college — was not dispositive of the issue of the child's emancipation. As previously stated, the right to child support belongs to the child, not the parent, and cannot be waived by an agreement between the parents.

The court was obligated to examine whether the child was in fact emancipated and, if the child is found unemancipated, calculate the amount of support she needs and each parent's obligation toward that need. The court must examine the child's needs and financial resources to determine the extent of the child's financial dependence upon her parents, if any, as she continues her educational endeavors. Many graduate programs provide teaching assistant positions and other earning opportunities allowing students to defray living expenses. Also, the child's ability to earn income, now that

education requested to any prior training and to the overall long-range goals of the child.

[Newburgh, supra, 88 N.J. at 545.]

she has completed undergraduate education, must be weighed when examining the extent of the child's need for support.

Thereafter, there must be an examination of whether either parent is obligated to contribute toward the cost of her higher education, after taking into consideration the Newburgh factors. These factors govern the outcome and whether and to what extent the parties are required to contribute toward graduate school costs.

In addition, the father and child have never had a relationship. Why that is so may be relevant on the question of whether the father is required to contribute toward the cost of the child's higher education. See Philipp v. Stahl, 344 N.J. Super. 262, 272-73 (App. Div. 2001) (finding the absence of a relationship between parent and child is "one of the many factors to be considered when determining post-secondary support"), rev'd on other grounds, 172 N.J. 293 (2002). Here, if the child is deemed unemancipated and a party considers the relationship between the father and child material on the question of whether the father should contribute to the child's higher education costs, he or she may raise such issue.

Accordingly, for the reasons provided, we reverse the March 2, 2016 order and remand the matter for further proceedings consistent with this opinion.

Finally, the mother complains the court did not address the other points raised in her notice of cross-motion including, among other things, her request for child support arrears that accrued before the court terminated child support. We agree the court did not explicitly rule on this and other requests, although many were implicitly denied when the court granted the father's motion and declared the child emancipated. On remand, the court shall make explicit rulings on the requests for relief listed in the mother's notice of cross-motion.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3337-15T1