261 N.J. Super. 508 (1993)
619 A.2d 599
BARBARA MARTINETTI, PLAINTIFF-APPELLANT,
v.
STEPHEN HICKMAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 24, 1992.
Decided January 15, 1993.
*510 Before Judges PRESSLER, MUIR, JR. and KESTIN.
De Luca & Taite, attorneys for appellant (George T. Taite on the brief).
Miller, Meyerson, Schwartz & Corbo, attorneys for respondent (Cara M. Corbo and Mildred S. Kwozko on the brief).
The opinion of the court was delivered by KESTIN, J.A.D.
Plaintiff, who had moved to Florida after the parties separated, obtained a judgment of divorce in that state in 1974. The incorporated property settlement agreement provided, inter alia, that plaintiff would have "complete custody" of the parties' daughter and that plaintiff "waive[d] any claim which she may have ... for child support for the present time...." The agreement contained no provision for visitation between defendant and the child. Subsequently, plaintiff and her daughter returned to New Jersey. Some fourteen years after the divorce, when the child was sixteen, plaintiff commenced an action for child support. Defendant filed a counterclaim for visitation. That action was concluded by the entry of a consent order dated February 21, 1988, which provided that defendant would pay $220 per month in child support until the child reached the age of eighteen. The consent order contained no provision for visitation.
In August 1990, defendant moved for an order terminating child support and a determination that the child was emancipated. Plaintiff filed a cross-motion seeking continued and increased child support. A hearing was held on August 23, 1991 *511 at which plaintiff was the only witness, testifying about some of the history between the parties and her need for continued and increased child support.
The trial court's decision is embodied in an oral opinion rendered at the conclusion of the hearing and in a letter opinion dated November 18, 1991, denying plaintiff's motion for reconsideration. The motion judge concluded "that plaintiff is not entitled to child support." He noted also that his ruling on plaintiff's motion "[did] not waive any rights that the child may have against either parent for a contribution towards her college expense." There was no ruling specifically addressing defendant's motion for a determination of emancipation.
As articulated by the motion judge, the relief sought by the plaintiff was denied because she had agreed two years before in a consent order that child support would terminate when the child became eighteen years of age. The court viewed the plaintiff as bound by this agreement. The motion judge also considered "the continued absence of any relationship between defendant and his daughter" to be a factor in reaching his decision. Plaintiff had testified that defendant and the child had had little contact with each other over the years.
Plaintiff's motion for continued and increased support does not seek a contribution from defendant specifically for the direct costs of the child's college education. The gravamen of plaintiff's motion relates instead to the costs of providing the child's basic needs while she remains dependent. The child has received scholarships and grants by reason of her academic accomplishments. The direct college costs which plaintiff has been called upon to defray were characterized by her as minimal.
Defendant has contended essentially that the circumstances of the case, with particular emphasis upon the 1988 consent order, should relieve him from any continuing responsibility to contribute to the child's support beyond her eighteenth birthday. *512 He argues that plaintiff specifically waived the right to seek such a contribution.
We regard the decision of the trial court to have been based upon an infelicitous premise. The holding "that plaintiff is not entitled to child support", appears to overlook the principle that the right to support belongs to the child. The custodial parent brings the action on behalf of the child and not in his or her own right. Kopack v. Polzer, 5 N.J. Super. 114, 117, 68 A.2d 484 (App.Div. 1949), aff'd 4 N.J. 327, 72 A.2d 869 (1950). For this reason and because of the State's parens patriae interest in assuring a proper level of support for all children, the right to child support cannot be waived by the custodial parent. Kopack v. Polzer, 4 N.J. 327, 332, 72 A.2d 869 (1950), aff'g 5 N.J. Super. 114, 68 A.2d 484 (App.Div. 1949); Ryan v. Ryan, 246 N.J. Super. 376, 383, 587 A.2d 682 (Ch.Div. 1990); ESB, Inc. v. Fischer, 185 N.J. Super. 373, 378-79, 448 A.2d 1030 (Ch.Div. 1982).
Whether or not defendant has a continuing obligation to support the child must be based upon an evaluation of the child's needs and interests and not upon the conduct of the plaintiff. Each parent has a responsibility to share the costs of providing for the child while she remains unemancipated. Lynn v. Lynn, 165 N.J. Super. 328, 342-43, 398 A.2d 141 (App.Div. 1979), certif. denied 81 N.J. 52, 404 A.2d 1152 (1979); Ionno v. Ionno, 148 N.J. Super. 259, 261, 372 A.2d 624 (App. Div. 1977).
Although it appears from the record before us that, at the time of the hearing on the motion, the basic costs of the child's college education were being paid by other sources, we are constrained to note that the support needs of a child include the responsibility of providing a proper education, Grotsky v. Grotsky, 58 N.J. 354, 356-57, 277 A.2d 535 (1971); Kopak v. Polzer, supra, 4 N.J. at 382, 72 A.2d 869, in accordance with the tests established in Newburgh v. Arrigo, 88 N.J. 529, 545, 443 A.2d 1031 (1982). It should not be necessary, however, as *513 the trial court appears to have suggested, for the child herself to proceed against either parent for a fair share of the costs of her education. So unseemly a course should be avoided whenever possible. It is rendered largely unnecessary by recognizing the right of either parent to proceed on behalf of an unemancipated child for the provision of a fair share of her needs, including educational expenses.
In the circumstances before us, it is also important to note that the tests of Newburgh v. Arrigo, supra, are to be applied only where a contribution toward the direct costs of higher education is sought. "[T]he continued absence of any relationship between defendant and his daughter," a factor in the motion judge's decision, bespeaks one of those tests. It is a criterion which, apart from extraordinary circumstances, has no value in determining the outcome where the support contribution sought relates to the basic needs of the child. See Fiore v. Fiore, 49 N.J. Super. 219, 227, 139 A.2d 414 (App.Div. 1958). Cf. Brennan v. Brennan, 187 N.J. Super. 351, 356-57, 454 A.2d 901 (App.Div. 1982); Wagner v. Wagner, 165 N.J. Super. 553, 398 A.2d 918 (App.Div. 1979), certif. denied, 85 N.J. 93, 425 A.2d 260 (1980); Daly v. Daly, 39 N.J. Super. 117, 123, 120 A.2d 510 (Juv. & Dom.Rel. 1956), aff'd, 21 N.J. 599, 123 A.2d 3 (1956). As a general rule, a parent is obliged to contribute to the basic support needs of an unemancipated child to the extent of the parent's financial ability irrespective of the quality of the relationship between them.
Reversed and remanded for such further proceedings, consistent with this decision, as may be necessary.