912 A.2d 180 (2006)
389 N.J. Super. 200
J.S., Plaintiff-Respondent,
v.
L.S., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 2006.
Decided December 15, 2006.
William A. Teltser, argued the cause for appellant.
Edward J. O'Donnell, argued the cause for respondent (Donahue, Hagan, Klein, Newsome & O'Donnell, attorneys, Morristown; Mr. O'Donnell, of counsel and on the brief; Terryann K. Bradley, on the brief).
Before Judges COBURN, R.B. COLEMAN and GILROY.
The opinion of the court was delivered by
COLEMAN, R B., J.A.D.
Defendant, L.S., appeals from a December 2, 2005, order that, among other *181 things, denied his request to set aside portions of a Property Settlement Agreement (PSA) with plaintiff, J.S., dealing with equitable distribution and denied his request for reimbursement of past child support payments, notwithstanding the determination that he is not the biological father of the child for whom the support payments were made. We affirm.
The parties were married on August 18, 2001, and were separated after defendant was arrested in February 2004. Plaintiff filed a complaint for divorce on April 22, 2004, and her unopposed motion for pendente lite support was granted on June 25, 2004. That order required defendant: (1) to pay $133 per week as child support for one child, born on April 28, 2003; (2) to contribute to daycare expenses incurred by plaintiff to enable her to work; and (3) to contribute to the medical expenses of the child.
On May 13, 2005, defendant moved to compel plaintiff to cooperate with a paternity test concerning the child. On the scheduled trial date for the divorce action, the parties settled the case, subject to resolution of the paternity issue. Defendant's attorney placed the agreement on the record. Counsel stated:
Firstly, with respect to custody, the parties have consented to proceed with the paternity test. We are presuming, for the purposes of this settlement, that paternity exists with [L.S.] with respect to the child. . . . If paternity is found not to exist, unfortunately we have to revisit certain issues. But assuming we have paternity, sole legal custody and primary residential custody will be with the plaintiff, [J.S.]. But in the event circumstances change, we will address that situation in the future. It cannot be addressed now.
. . . .
All other claims between the parties have been waived that are not set forth in this agreement. As I noted before, there will be a paternity test and various issues will have to be revisited if paternity is not found but we are proceeding on the basis that paternity is found.
There was no further discussion on the record to identify the "certain issues" or "various issues" mentioned, and the parties did not specify what provisions would be revisited if paternity was not found.
When the paternity test established that defendant was not the biological father of the child, defendant filed a motion seeking the termination of any financial obligations to the child, the vacation of certain provisions of the PSA, reimbursement of pendente lite child support, a discovery schedule, and a plenary hearing. Plaintiff agreed to terminate voluntarily all ongoing financial obligations from defendant to the child, but opposed the vacation of the equitable distribution portions of the agreement and the reimbursement of past child support.
On December 2, 2005, the trial court ordered that defendant was relieved of his obligation to contribute towards child support, daycare expenses, medical insurance costs, and any unreimbursed medical expenses for the child. However, the court ruled that because paternity was addressed following the generalized statement of revisiting "certain issues" and because there was no specific mention of revisiting equitable distribution, the "revisit" was limited to child-related issues. The court observed there was no nexus between non-paternity and the equitable distribution provisions. Thus, defendant's motion to set aside certain equitable distribution provisions of the amended dual judgment of divorce was denied. Also denied was his request for reimbursement of child support.
*182 On appeal, defendant argues that the phrases "certain issues" or "various issues" in the PSA were used so that the equitable distribution portions of the agreement would be "revisited." The trial court construed that language to encompass all child-related provisions but it left intact provisions relating to the division of the marital home and vehicles. We find that construction was reasonable and consistent with the stated qualification of the parties' agreement.
N.J.S.A. 2A:34-23.1 lists sixteen factors to be considered in making equitable distribution provisions, and paternity is not included. Furthermore, while equitable distribution of marital property may be related to support, Conforti v. Guliadis, 128 N.J. 318, 324, 608 A.2d 225 (1992), defendant's attorney failed to connect the two while placing the agreement on the record. There was no mention made that the paternity test would affect alimony, equitable distribution or other property issues between the spouses. Both parties to the PSA had the benefit of counsel and had the opportunity to include, on the record, specific provisions as to what would be revisited in the event of non-paternity. In the absence of specific provisions in the PSA, it is reasonable to conclude that defendant's non-paternity affects only child-related expenses, and not the division of the vehicles or the proceeds from the sale of the marital home. We affirm the trial court's ruling.
Defendant asserts that he is entitled to reimbursement of child support and payments for child-related expenses made prior to the determination of paternity on October 28, 2005. Defendant contends the sums he paid to plaintiff for such support and expenses from February 10, 2004, through October 28, 2005, total $26,037.50. We affirm the trial court's denial of such relief.
Pursuant to N.J.S.A. 9:17-43a(1), "[a] man is presumed to be the biological father of a child if [ ] [h]e and the child's biological mother are or have been married to each other and the child is born during the marriage[.]" The presumption may be rebutted by clear and convincing evidence. N.J.S.A. 9:17-43b. As indicated by the legislative history of that provision, "[t]hese presumptions are intended to facilitate the flow of benefits from the father to the child." Statement of the Assembly Judiciary, Law, Public Safety and Defense Committee on Senate Bill No. 888, L. 1983, c. 17, reprinted in comments to N.J.S.A. 9:17-38.
In this case, the child was born while the parties were married. Thus, he was presumed to be defendant's son until the DNA test showed otherwise, and defendant was responsible for contributing toward the child's care and support. See N.J.S.A. 9:17-39 (declaring that the "parent and child relationship" confers or imposes rights, privileges, duties and obligations). Those statutorily recognized rights, privileges, duties and obligations cease upon the determination of non-paternity, through genetic testing or other clear and convincing proof rebutting the presumption. See, e.g., Monmouth County Div. of Soc. Servs. v. P.A.Q., 317 N.J.Super. 187, 198, 721 A.2d 738 (App.Div.1998) (relieving putative father later determined not to be biological father from both continuing support obligation and accumulated arrearages, but denying, on procedural grounds, claim for refund of past payments). All parties to this dispute have accepted that the DNA test rebutted the presumption that defendant is the father of the child born during his marriage to plaintiff. However, defendant further contends he never had a valid duty of support and he is therefore entitled to recover all *183 support payments from plaintiff. We disagree.
The purpose of child support is to benefit children, not to protect or support either parent. Our courts have repeatedly recognized that the right to child support belongs to the child, not the custodial parent. See, e.g., Pascale v. Pascale, 140 N.J. 583, 591, 660 A.2d 485 (1995); Patetta v. Patetta, 358 N.J.Super. 90, 94, 817 A.2d 327 (App.Div.2003); Martinetti v. Hickman, 261 N.J.Super. 508, 512, 619 A.2d 599. (App.Div.1993). "The custodial parent brings the action on behalf of the child and not his or her own right." Martinetti, supra, 261 N.J.Super. at 512, 619 A.2d 599. Thus, the right to child support cannot be waived by the custodial parent. Pascale, supra, 140 N.J. at 591, 660 A.2d 485.
Consistent with that philosophy and the best interests of the child, a judgment or order determining the existence or non-existence of the parent and child relationship "may contain any other provision directed against the appropriate party to the proceeding concerning the duty of support," N.J.S.A. 9:17-53c, and "may limit a parent's liability for past support of the child to the expenses already incurred that the court deems just," N.J.S.A. 9:17-53d. We find that to be the import and effect of the court's order denying defendant's motion to require plaintiff to reimburse child support payments previously made by defendant. The true biological father was not a party to the action. Nevertheless, the court's order, in denying defendant reimbursement from plaintiff, properly limited the liability of plaintiff as the custodial parent.
We are not persuaded by defendant's argument that he should be entitled to recoup his money from plaintiff either because of her deceit or because she has been unjustly enriched by her use of the money to care for her child. As the Court has explained, "[b]ecause the responsibility to support runs from parent to child, not parent to parent, the custodial parent was not `unjustly enriched' by receiving sums and considering them [] payments for the support of their children." Pascale, supra, 140 N.J. at 592, 660 A.2d 485. "Each parent has a responsibility to share the costs of providing for the child while [he or] she remains unemancipated." Martinetti, supra, 261 N.J.Super. at 512, 619 A.2d 599.
An order directing the mother to reimburse support payments made by the presumed father who establishes he is not the biological father would inevitably result in a depletion of resources for the child. Guglielmo v. Guglielmo, 253 N.J.Super. 531, 546, 602 A.2d 741 (App.Div.1992). In spite of the mother's plain deceit, the child should not be made to suffer. As we view the situation, the only person who has been unjustly enriched is the true biological father, since there is nothing to support that the mother has not provided her share of the support of the child. R.A.C. v. P.J.S. and B.E.C., 380 N.J.Super. 94, 118-19, 880 A.2d 1179 (App.Div.2005).
Moreover, defendant is not left without a remedy. For example, in J.R. v. L.R., 386 N.J.Super. 475, 484, 902 A.2d 261 (App.Div.2006), we concluded that a biological father is responsible for child support to the extent he is financially able, even if there is no relationship between him and the child. The biological father was not a party to this divorce proceeding. Yet, to the extent he is aggrieved, defendant may sue the biological fatherbut not the motherfor reimbursement of the child-related expenses he paid.
Finally, defendant argues that the resolution of this dispute does not implicate N.J.S.A. 2A:17-56.23a. That argument is of little consequence to this case, since we do not rest our decision on that statute. *184 N.J.S.A. 2A:17-56.23a was enacted to aid enforcement of child support orders or judgments, whether entered in this or some other state, to avoid the "unjust hardship on the family" created by retroactive modification. See Statement of Senator Dalton on Senate Bill No. 1510, L. 1988, c. 111. This court has concluded that "[n]othing in the legislative history suggests that the law was enacted to protect `parents' from retroactive modifications increasing support obligations where equitable." Keegan v. Keegan, 326 N.J.Super. 289, 294, 741 A.2d 134 (App. Div.1999). We have also found that retroactive modification of child support is permitted based upon a court's declaration that a child had been emancipated on a date certain. Mahoney v. Pennell, 285 N.J.Super. 638, 643, 667 A.2d 1119 (App. Div.1995). The policy is to ensure that a child continues to receive support until a court properly decides that such support should be modified or terminated. Keegan, supra, 326 N.J.Super. at 294, 741 A.2d 134. We accept defendant's argument that he is not seeking to modify retroactively any existing support order. On the other hand, we reject his argument that he should be entitled to recoup from his ex-wife support he provided as the presumed father of the child born to the ex-wife during their marriage.
We are satisfied the trial court properly terminated defendant's child support and child-related expenses prospectively from the date of the DNA results, though the judge could have granted relief as of the date defendant's motion was filed. N.J.S.A. 2A:17-56.23a. The court's denial of defendant's motion for reimbursement was also proper.
Affirmed.