**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4180-15T4

MELODY ANN TEKTAS
f/k/a MELODY ANN COVINO,

      Plaintiff-Respondent,

v.

SALVATORE COVINO,

      Defendant-Appellant.

_____

      Submitted October 25, 2017 — Decided December 1, 2017

      Before Judges Alvarez and Geiger.

      On appeal from Superior Court of New Jersey,
      Chancery Division, Family Part, Ocean County,
      Docket No. FM-15-0680-01.

      Steven J. Sico, attorney for appellant.

      Respondent has not filed a brief.

PER CURIAM

    Defendant Salvatore Covino appeals from the April 25, 2016 order denying his post-judgment motion and granting plaintiff Melody Ann Tektas' cross-motion in part. After a careful review of the facts and applicable legal principles, we affirm.

Plaintiff and defendant were married on December 10, 1994, and had two sons, Brett and Brandon Covino. The parties separated on October 24, 2000. Plaintiff filed for divorce on November 13, 2000. On December 10, 2001, the parties entered into a comprehensive property settlement agreement (PSA). They were divorced in December 2001.

Defendant retired as a lieutenant from the Middlesex County Sheriff's Department. He was eligible for Social Security benefits and elected to have Brandon receive $1000 per month from his Social Security benefits for the twenty-four month period when Brandon was between sixteen and eighteen years old. He also paid child support for Brandon to plaintiff.

The parties filed post-judgment cross-motions which were resolved by a June 1, 2015 consent order that: (1) declared Brett emancipated; (2) obligated defendant to pay plaintiff child support of $168 per week for the support of Brandon; (3) acknowledged plaintiff's receipt of $1000 per month from defendant's Social Security benefits on behalf of Brandon since October 2013; (4) required defendant to maintain health insurance for Brett as long as he is eligible for coverage under defendant's health insurance; (5) required the parties to equally share the cost of Brandon's college education in accordance with the factors set forth in Newburgh v. Arrigo, 88 N.J. 529 (1982); (6) allowed

defendant full and complete participation in Brandon's college selection process, with any failure in this regard being considered "prima facie consent to emancipation of Brandon[;]" (7) allowed defendant full and complete access to Brandon's enrollment and financial aid packages, including the right to participate in financial aid applications, loans, grants, and student loans, with the failure to do so constituting "prima facie consent of defendant not having to contribute to college contribution costs[;]" and (8) provided that a failure by Brandon to maintain at least a 2.5 grade point average "will be prima facie for emancipation regardless of the number of credits carried or coursework taken."

On November 30, 2015, defendant sought to enforce the consent order by filing a certification under Rule 4:42-1, the so-called "five-day rule." Plaintiff filed an objection to the proposed order. The trial court then advised that defendant would have to file a motion to enforce the consent order. On January 26, 2016, defendant filed a motion to enforce litigant's rights and for the following additional relief: (1) a full accounting of all Social Security benefits paid to plaintiff on behalf of Brandon; (2) declaring Brandon emancipated; and (3) terminating all support obligations for Brandon, including child support and college expense contribution.

In support of his motions, defendant certified to the following facts: (1) plaintiff failed to meet her obligations under the consent order because defendant had no involvement in the selection process of his son's college, "no involvement or knowledge of any attempts to obtain financial aid," and was not given access to his son's online account for school work; (2) under the consent agreement "if either party violates the terms of the Consent Order it's a prima facie consent to the emancipation of Brandon Covino[;]" and (3) plaintiff converted the Social Security benefits, acting as if it belonged to her, rather than applying it towards Brandon's college expenses.

Notably, defendant does not contend that Ocean County College is academically inappropriate for Brandon, or that there was a more appropriate or less expensive college that Brandon should have considered.

On April 6, 2016, plaintiff filed a cross-motion for the following relief: (1) imposing frivolous litigation sanctions against defendant; (2) requiring defendant to reimburse plaintiff for his one-half share of Brandon's first semester college expenses; (3) requiring defendant to reimburse plaintiff for her out-of-pocket expenses for Brandon's first semester books; (4) requiring defendant to reimburse plaintiff for Brandon's spring semester tuition; (5) requiring defendant to pay one-half of

4

Brandon's future college costs; (6) requiring defendant to pay one-half of Brandon's books and expenses for future semesters; (7) requiring defendant to treat plaintiff and Brandon with respect when discussing matters in the future; and (8) for counsel fees and costs.

Plaintiff's supporting certification asserted the following pertinent facts in response: (1) defendant did not make any attempts to contact plaintiff or their son regarding his college decision process; (2) defendant could have participated in any aspect of their son's college admission process but he never attempted to do so; (3) their son still lives with plaintiff; (4) Ocean County College is very affordable; (5) one semester at Ocean County College costs approximately $2000; and (6) the Social Security money was spent on "[s]hoes, clothing, school supplies, food, electricity," and anything else Brandon needed.

After the motions were twice transferred to different judges, they were finally heard on April 22, 2016. During oral argument, defendant requested that the trial court order discovery to determine how the Social Security monies were used. Defendant also sought a plenary hearing to address any issues of material fact, arguing he had made a prima facie showing of emancipation. Plaintiff did not object to a plenary hearing, offering to proceed with the hearing that day. The judge indicated that he could not

conduct a plenary hearing that day. The judge reserved decision and subsequently issued a lengthy April 25, 2016 order, which incorporated his findings and analysis.

The judge expressed the following initial concerns, observations, and findings:

> The court is concerned with both parties['] unwillingness to communicate and make decisions that are in the best interest of the child, Brandon. Brandon chose to attend Ocean County College after graduating high school. The cost of tuition at Ocean County College is significantly lower than tuition at a public or private 4-year college or university. However, the Defendant has contradicted himself in his certification. The Defendant seemed indignant that he was not included in Brandon's selection process for college per the Court Order. Furthermore, he represented his dissatisfaction of having to pay for Brandon's tuition because he was not included in the process. It is unclear to the Court if the Defendant would rather have the child attend a 4-year university at a higher cost as the Court cannot think of an alternative college that would incur less costs than a County College.
>
> [Emphasis in original.]

The judge denied defendant's application to declare Brandon emancipated without prejudice. The judge also denied defendant's request for a plenary hearing with full discovery without prejudice. In reaching that decision, the judge stated:

> The child, Brandon, is currently attending Ocean County College as a full-time matriculating student. The Defendant was put

6

on notice of the child's desire to attend Ocean County College for the fall semester. If information regarding online access and a release allowing the school to directly contact the Defendant has not been provided to the Defendant, the Plaintiff or Brandon shall provide same by May 22, 2016.

Defendant's application to terminate child support for Brandon was denied based on the finding that Brandon was not emancipated.

Defendant's application to terminate any obligation to contribute to Brandon's college expenses was also denied. Instead, the judge referred the parties to economic mediation, stating:

> The parties are REFERRED to ECONOMIC MEDIATION. The parties' goal should be to come up with a COLLEGE/POST GRADUATE EXPENSE PLAN that will guide them for the future with respect to BRANDON's plans. Hopefully, it will also cut down on post judgment litigation. The Defendant's request for full discovery is DENIED, without prejudice. Mr. Sico will forward a letter to [the] Court listing discovery requested. Mr. Niemiec will advise the Court wherein he agrees or disagrees. The Court will then prepare the discovery Order before the parties go to ECONOMIC MEDIATION.
>
> [Emphasis in original.]

Plaintiff's application to require defendant to reimburse her for his one-half share of Brandon's out-of-pocket college costs for the first semester was denied without prejudice. Similarly, plaintiff's application to require defendant to reimburse her for

one-half of the out-of-pocket expenses for 1) Brandon's first semester books, 2) spring semester tuition, 3) college costs for future semesters, and 4) books and expenses for future semesters, was denied without prejudice.

The judge also denied defendant's application to compel a full accounting of all Social Security monies paid to plaintiff on behalf of Brandon, finding that plaintiff used the money to support him.

Plaintiff's application for an award of counsel fees and costs was denied without prejudice. Her application to sanction defendant for filing a frivolous motion was also denied.

Defendant was ordered "to treat the Plaintiff and Brandon Covino with respect when discussing these matters in the future . . . ." Finally, the judge granted the following additional relief:

> Both parties shall deposit $2,500.00 in each respective attorney's bank account within ninety (90) days of this Order. It shall be used for Brandon's Ocean County College tuition and college related expenses, upon the consent of both parties either pre or post ECONOMIC MEDIATION. Any unused monies shall be released to the parties in equal shares upon Brandon obtaining his associate's degree or failing to maintain at least 12 credits per semester, or upon further order of the Court.

Without first seeking the additional discovery or participating in the economic mediation contemplated by the order,

defendant filed this appeal. On August 19, 2016, the judge issued the following clarification to paragraph 2 of his order:

> The Court heard oral argument from Defendant's counsel, STEVEN SICO, ESQ. Mr. SICO indicated that the Defendant took a deduction from his retirement, via social security, to support the child in the amount of $1,000 per month from the age of sixteen (16) to eighteen (18). Counsel asserted that this came to a total of $24,000.00, which has not been accounted for. Defendant indicated a similar argument in his written certification.
>
> The Court then heard oral argument from Plaintiff's counsel, THADDEUS D. NIEMIEC, ESQ. Mr. NIEMIEC indicated that the Plaintiff used the funds to support the child. Counsel represented that the child lived with the Plaintiff during this time and it was to provide food, clothes, and other necessities. Plaintiff indicated a similar argument in [her] written certification.

In this appeal, defendant contends the trial court erred by deciding the motions based on conflicting factual certifications without granting a plenary hearing. He further contends the trial court abused its discretion by failing to enforce the June 1, 2015 consent order.

I.

"The scope of appellate review of a trial court's fact-finding function is limited. The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." <u>Cesare v. Cesare</u>, 154 <u>N.J.</u> 394,

411-12 (1998) (citing <u>Rova Farms Resort, Inc. v. Investors Ins. Co.</u>, 65 <u>N.J.</u> 474, 484 (1974)); <u>accord</u> <u>MacKinnon v. MacKinnon</u>, 191 <u>N.J.</u> 240, 253-54 (2007). "Furthermore, matrimonial courts possess special expertise in the field of domestic relations." <u>Id.</u> at 412. "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." <u>Id.</u> at 413. "We reverse only to ensure that there is not a denial of justice because the family court's conclusions are clearly mistaken or wide of the mark." <u>Parish v. Parish</u>, 412 <u>N.J. Super.</u> 39, 48 (App. Div. 2010) (citations omitted). However, we owe no special deference to the judge's legal conclusions. <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 <u>N.J.</u> 366, 378 (1995).

Interpretation and construction of a contract, such as a consent order, is a matter of law for the trial court, subject to de novo review on appeal. <u>Kaur v. Assured Lending Corp.</u>, 405 <u>N.J. Super.</u> 468, 474 (App. Div. 2009) (reviewing the enforcement of a settlement agreement de novo); <u>Fastenberg v. Prudential Ins. Co. of Am.</u>, 309 <u>N.J. Super.</u> 415, 420 (App. Div. 1998).

We "defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." <u>Capital Health Sys. v. Horizon Healthcare Servs.</u>, 230 <u>N.J.</u> 73, 79-80 (2017) (citing <u>Pomerantz</u>

Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). Courts "find[] an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

## II.

Defendant argues that the trial court erred in denying his motion for enforcement of litigant's rights without conducting a plenary hearing to resolve any disputed material facts. He contends the consent order was fair and equitable and should have been enforced. Defendant further contends that he made a prima facie showing of emancipation.

When a moving party makes a prima facie showing that he is "entitled to relief and there are contested issues of fact," the trial court should hold a plenary hearing rather than come to a decision based on "affidavits, answers to interrogatories and depositions." Hallberg v. Hallberg, 113 N.J. Super. 205, 208 (App. Div. 1971).

It is undisputed that plaintiff received the Social Security funds to support Brandon, who resided with plaintiff during the entire two years in question. As noted by the judge, plaintiff provided Brandon with food, shelter, clothes, and other

necessities. Although defendant contends that the Social Security funds should have been used to pay for Brandon's college expenses, the consent order indicates otherwise, requiring the parties to equally share those expenses in addition to defendant paying child support for Brandon.

Defendant's argument that the trial court erred by not ordering full discovery misconstrues the trial court's ruling. The trial court ordered defense counsel to supply the court with a list of the requested discovery, followed by plaintiff's counsel's response. The trial court would then prepare the discovery order before the parties went to economic mediation. Rather than comply with that directive, receive appropriate discovery, and proceed to economic mediation, defendant filed this appeal.

Defendant also argues that the trial court erred in failing to enforce the consent order. New Jersey favors the use of consensual agreements to resolve marital controversies. J.B. v. W.B., 215 N.J. 305, 326 (2013) (citing Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). Matrimonial settlement agreements are enforceable "'to the extent that they are just and equitable.'" Lepis v. Lepis, 83 N.J. 139, 146 (1980) (quoting Schlemm v. Schlemm, 31 N.J. 557, 581-82 (1960)). As in other contexts involving contracts, a court must enforce a matrimonial agreement

as the parties intended, so long as it is not inequitable to do so. Pacifico v. Pacifico, 190 N.J. 258, 266 (2007).

In fact, the trial court did enforce the consent agreement. The court required both parties to place $2500 into their respective attorney's trust accounts for the purpose of paying for the remainder of their son's college expenses pursuant to the terms of the consent agreement.

Defendant further argues that the trial court erred in failing to declare Brandon emancipated, warranting termination of child support pursuant to the terms of the consent order. We disagree.

Emancipation does not occur automatically simply by reason of the dependent child reaching the age of eighteen. Dolce v. Dolce, 383 N.J. Super. 11, 17 (App. Div. 2006). "The issue of [w]hether a child is emancipated at age eighteen, with the correlative termination of the right to parental support, is fact-sensitive." Ibid. (citation omitted). "[T]he essential inquiry is whether the child has moved beyond the sphere of influence and responsibility exercised by a parent and obtains an independent status of his or her own." Id. at 17-18 (citations omitted).

> A significant consideration in this regard is the agreement of the parties to voluntarily extend the parental duty of support beyond the presumptive age of emancipation. In other words, a parent can bind himself or herself by consensual agreement, voluntarily and knowingly negotiated, to support a child past

13

> majority, and such agreement is enforceable
> if fair and equitable.

[*Id.* at 18.]

Here, the parties voluntarily agreed to extend their duty to support beyond the age of majority. Indeed, we note that the consent order providing for child support and college expense contribution was entered into less than four months before Brandon turned eighteen years old.

We further note that the right of a child to be supported may not be waived by a custodial parent. *Gotlib v. Gotlib*, 399 *N.J. Super.* 295, 305 (App. Div. 2008); *L.V. v. R.S.*, 347 *N.J. Super.* 33, 41 (App. Div. 2002)). "The public policy of this State as derived from its *parens patriae* interest in the welfare of children prohibits parents from bargaining away the essential rights of their [children] to be properly supported." *Patetta Patetta*, 358 *N.J. Super.* 90, 95-96 (App. Div. 2003). Therefore, the parental duty to support a child may not be waived or terminated by a consent order, *Martinetti v. Martinetti*, 261 *N.J. Super.* 508, 512 (App. Div. 1993), or a property settlement agreement, *Patetta*, *supra*, 358 *N.J. Super.* at 95-96.

Here, the provision in the consent order for "prima facie consent" to the emancipation of Brandon and termination of child support obligations upon failure to abide by the terms of the

agreement is unenforceable against Brandon. <u>Martinetti</u>, <u>supra</u>, 261 <u>N.J. Super.</u> at 512.

Further, because defendant's emancipation argument relied solely on plaintiff's alleged failure to comply with the terms of the consent order, without addressing any of the <u>Newburgh</u> factors for determining emancipation, the trial court properly determined that defendant failed to make a prima facie showing of emancipation. Moreover, the undisputed facts show that Brandon was still living with plaintiff, supported by her, and attending college full-time. Hence, defendant did not make out a prima facie case that Brandon had moved beyond plaintiff's sphere of influence and responsibility.

"[I]n the Family Part, a plenary hearing is only required if there is a genuine, material and legitimate factual dispute." <u>Segal v. Lynch</u>, 211 <u>N.J.</u> 230, 264-65 (2012). The requesting party must make a prima facie showing that a "genuine issue of fact exists bearing upon a critical question," which cannot be accomplished by submitting conclusory certifications. <u>Faucett v. Vasquez</u>, 411 <u>N.J. Super.</u> 108, 127-28 (App. Div. 2009) (citation omitted).

Here, defendant's certification consists of merely conclusory assertions, without addressing the pertinent facts and prevailing circumstances critical to a fact-sensitive evaluation whether

Brandon was emancipated. See Llewelyn, supra, 440 N.J. Super. at 216. Moreover, defendant failed to present any evidence that he attempted to involve himself in the college selection and financial aid applications and was prevented from doing so by plaintiff or Brandon. Nor can we perceive a more economical manner to pursue higher education than living at home with a parent while commuting to a local community college. Thus, defendant failed to make a prima facie showing entitling him to a plenary hearing.

In summary, we find no abuse of discretion by the trial court. The record amply supports the mechanism employed by the trial court to provide for additional discovery followed by economic mediation without first conducting a plenary hearing. More fundamentally, much of the relief sought by defendant was denied without prejudice, allowing him to further pursue that relief if the court-ordered economic mediation was unsuccessful. Defendant unilaterally declined to do so, filing this appeal instead. He should not be heard to complain that he was denied relief when he chose not to participate in the reasonable procedures established by the trial court to address the very issues he raised.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4180-15T4