**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3931-21

S.F.-W.,[1]

    Plaintiff-Appellant,

v.

J.W.,

    Defendant-Respondent.

_____

Argued February 27, 2024 – Decided March 18, 2024

Before Judges Whipple, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0841-12.

Andrew M. Shaw argued the case for appellant (Shaw Divorce & Family Law LLC, attorneys; Andrew M. Shaw, on the brief).

---

[1] We use initials and pseudonyms to protect the parties' privacy. R. 1:38-3(d)(13).

Respondent has not filed a brief.[2]

PER CURIAM

In this post-judgment matrimonial appeal, plaintiff S.F.-W. appeals from the following:  a May 4, 2022 order applying the Wunsch-Deffler[3] doctrine to calculate child support; a July 29, 2022 order denying reconsideration of the May 4 order; and an August 10, 2022 uniform summary support order (USSO) incorporating the May 4 order.  For the reasons that follow, we reverse and remand for recalculation of child support based on changed circumstances.

Plaintiff and defendant J.W. married in June 1997 and have two children, J.W. (Jane), born in 2002, and S.W. (Sue), born in 2005.  In July 2013, the parties divorced.  At that time, defendant agreed to pay $245 per week in child support.  He also agreed to pay an additional $100 per month in child support for six years, and then a reduced amount of $69.50 per month for the following six years.

---

[2]  In orders dated November 2, 2023 and January 9, 2024, we suppressed defendant's brief, citing deficiencies that required correction.  Defendant failed to correct the deficiencies and his brief remained suppressed.

[3]  Wunsch-Deffler v.  Deffler, 406 N.J. Super. 505 (Ch. Div. 2009).

In February 2014, a Family Part judge entered an Amended Dual Final Judgment of Divorce, incorporating the parties' Marital Settlement Agreement (MSA).[4] The MSA provided: "[T]he parties shall share joint legal custody of the children. The parties agree temporarily until the arbitrator renders his decision that [plaintiff] shall be designated as the parent of primary residence (PPR) and [defendant] shall be designated as the parent of alternate residence (PAR)." Under the MSA, the parties "agreed to arbitrate the issues of custody and parenting time on a post-judgment basis." The MSA's provisions continued to govern pending the completion of arbitration.[5]

Subsequent to their divorce, the parties engaged in extensive motion practice. Between February 2014 and June 2018, the trial court entered multiple orders, addressing custody, parenting time, and other issues. In August 2018, the judge appointed an attorney to represent the children.

In March 2019, the parties attended an in-court settlement hearing to resolve pending applications related to custody and parenting time. Counsel for the parties, including the children's court-appointed attorney, were present at

_____

[4] The parties executed the original MSA on January 17, 2013. However, the parties executed a typed version of the MSA on February 21, 2014.

[5] Despite the terms of the MSA, the parties never arbitrated their issues regarding custody or parenting time.

this hearing.  Three agreements were marked at the hearing:  J-1 (a custody and visitation plan); J-2 (Sue's parenting time plan); and J-3 (handwritten notes from the children's attorney regarding Jane).

Under J-1, the parties agreed Jane, then age seventeen, would "not be required to conform to a fixed parenting time schedule."  Instead, Jane could "spend time with [defendant] at her option as agreed by and between [Jane] and [defendant]."  Under J-2, Sue had a 9/5 parenting time schedule, such that Sue would spend nine days with plaintiff and five days with defendant in each two-week period.  Under J-3, Jane and defendant would decide whether to participate in reunification therapy.  J-3 also stated child support for Jane would be calculated based on a 50/50 parenting schedule, applying the Wunsch-Deffler formula.  None of the documents marked during the hearing addressed child support for Sue.

At the March 2019 hearing, plaintiff and defendant testified they understood and agreed to be bound by the agreement.  Additionally, defendant's attorney told the judge it would be "necessary to re-run child support, because there [was] going to be a fundamental change to the overnights" based on the agreement.

The judge instructed counsel to file an appropriate application to modify child support because the March 2019 agreement only resolved the pending custody and parenting time issues. The judge explained "the parties [could] either . . . submit their own financials and agree to what . . . child support ought to be or make an application." Until then, the judge concluded, "[the current child support order] [would] remain in effect unless and until the parties either agree[d] to alter it or [made] an application for the [c]ourt to consider a modification." Counsel did not submit an order memorializing the terms of the March 2019 agreement to the court.

On July 24, 2021, proceeding pro se, plaintiff filed a motion to modify child support retroactive to March 2019, and for other relief. Plaintiff asked the court to "recalculate child support amounts and percentages based on the change of living arrangements and the parties' household incomes." In her motion, plaintiff noted Jane lived with her "100% of the time" and Sue was "following the 9/5[] schedule." Additionally, plaintiff certified Jane was "attending a full-time undergraduate program at Rutgers University, . . . and [was] not emancipated."

On November 22, 2021, the Family Part judge entered an order scheduling a plenary hearing to resolve plaintiff's motion to modify child support.

5

Thereafter, the matter was transferred to a different Family Part judge. That judge conducted a case management conference and scheduled the plenary hearing for March 30, 2022.

At the plenary hearing, plaintiff, who continued to proceed pro se, argued the Wunsch-Deffler formula was inapplicable because Jane spent one hundred percent of her overnights with plaintiff since March 2019. Defendant did not dispute this fact. Additionally, during the plenary hearing, defendant agreed his employer provided a car as part of his compensation package, and this in-kind benefit should be included in any child support analysis.

Following the plenary hearing, in a May 4, 2022 order, the judge denied plaintiff's motion. The judge found no substantial change in circumstances since March 2019, notwithstanding that Jane spent no overnights with defendant. Additionally, the judge declined to consider defendant's employer-provided vehicle as an in-kind benefit and required the parties to "continue utilizing the 50/50 Wunsch-Deffler doctrine for calculating child support." The judge concluded the "child support calculation remains even if [Jane] does not spend equal overnights with [p]laintiff and [d]efendant, as this was specifically agreed to in the [c]ustody and [v]isitation plan for [Jane]."

6

As to Sue's child support obligation, the judge noted her support obligation was not addressed as part of the March 2019 hearing. However, the judge determined there were no changed circumstances warranting a modification to Sue's child support.

Plaintiff moved for reconsideration of the May 4, 2022 order. Plaintiff argued the right to child support belongs to the child, and the judge abused his discretion in failing to recalculate child support in accordance with the number of overnights the children spent with each parent and other changed circumstances. In a July 29, 2022 order, the judge denied plaintiff's motion for reconsideration, finding plaintiff failed to make a prima facie showing that it was in the children's best interests to change the current child support arrangement.

On August 10, 2022, the Family Part judge entered a USSO reflecting the May 4, 2022 order. In that order, the judge wrote:

> Pursuant to [p]aragraphs 6, 7 and 10 of the May 4, 2022 [c]ourt [o]rder, the court shall calculate child support under the 50/50 Wunsch-Deffler [d]octrine. [D]efendant shall receive a credit for overpayments in the amount of $30.50 per month since August 30, 2019. The credits shall be applied to [d]efendant's arrears . . . .

A-3931-21

Plaintiff appeals from the May 4, July 29, and August 10, 2022 orders. On appeal, she contends there were changed circumstances warranting recalculation of the parties' child support obligations. Plaintiff further argues the judge erred in declining to consider defendant's employer provided a vehicle as an in-kind benefit, particularly because defendant acknowledged the vehicle would be considered in recalculating child support. We agree.

Our review of orders issued by Family Part judges is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "review [a] Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare, 154 N.J. at 413). "[F]indings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

"When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)). "The trial court's 'award will not disturbed unless it is manifestly unreasonable, arbitrary, or clearly

8

contrary to reason or other evidence, or the result of whim or caprice.'" Id. at 326 (quoting Jacoby, 427 N.J. Super. at 116). However, we review a Family Part judge's legal conclusions de novo. Elrom v. Elrom, 439 N.J. Super. 424, 433-34 (App. Div. 2015).

A party seeking to modify a child support obligation has the burden of demonstrating changed circumstances. Lepis v. Lepis, 83 N.J. 139, 157 (1980). Any decision must be made in accordance with the best interests of the children. Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007).

A child support order is not immutable and may be modified upon a showing of substantially changed circumstances and a related showing of need. Lepis, 83 N.J. at 157; Jacoby, 427 N.J. Super. at 116. A significant change in custody or parenting time constitutes a change in circumstances warranting modification of child support. See Winterberg v. Lupo, 300 N.J. Super. 125, 133 (App. Div. 1997). A child's maturation may also warrant a modification of support. Miller v. Miller, 160 N.J. 408, 420 (1999). Similarly, a child's needs while attending college may constitute a significant change of circumstances. Jacoby, 427 N.J. Super. at 116.

Moreover, the changed circumstances analysis applies even when support has been fixed by an agreement incorporated into a divorce judgment. See J.B.,

215 N.J. at 326-27. Parents may agree to allocate the payment of child support and deviate from child support guidelines, provided the terms of the agreement are fair and equitable, O.P. v. L.G.-P., 440 N.J. Super. 146, 155-56 (App. Div. 2015), and the interests of the child are not prejudiced, Ordukaya v. Brown, 357 N.J. Super. 231, 241 (App. Div. 2003). However, parents may not bargain away a child's right to support. Blum v. Ader, 279 N.J. Super. 1, 4 (App. Div. 1994).

It is well-established that "[e]ach parent has a responsibility to share the costs of providing for the child while [the child] remains unemancipated." Martinetti v. Hickman, 261 N.J. Super. 508, 512 (App. Div. 1993). A parent's obligation to "proper[ly] support" an unemancipated child "to the extent that [one] is financially able" continues "even [if there is currently] no relationship between them." J.R. v. L.R., 386 N.J. Super. 475, 484 (App. Div. 2006). A parent's "continuing obligation to support the child must be based upon an evaluation of the child's needs and interests" regardless of whether the child maintains a relationship with the parent. Martinetti, 261 N.J. Super. at 512.

Generally, the child support guidelines in Appendix IX of the New Jersey Court Rules "shall be applied when an application to establish or modify child support is considered by the court." R. 5:6A. The annual number of overnights is a factor in applying the child support guidelines. See Child Support

Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendices IX-A(14)(c)(2) and IX-D to R. 5:6A (2024).[6]

The Wunsch-Deffler doctrine deviates from the child support guidelines because the doctrine contemplates a true 50/50 parenting time situation. Wunsch-Deffler, 406 N.J. Super. at 507. Such a parenting time arrangement requires an adjustment to the child support guidelines because both parents pay the child's "controlled expenses" equally. Id. at 509. Controlled expenses include items such as clothing, personal care, and entertainment. Id. at 508. The Wunsch-Deffler doctrine eliminates controlled expenses in a 50/50 parenting time arrangement. Id. at 509.

Plaintiff argues the Wunsch-Deffler doctrine does not apply in calculating Jane's child support obligation because Jane spends one hundred percent of her

---

[6] Based on the ages of the children at the time of the remand, we note that "child support guidelines are intended to apply to children who are less than [eighteen] years of age or more than [eighteen] years of age but still attending high school or a similar secondary educational institution." Additionally, the child support guidelines "may be applied in the court's discretion to support for students over [eighteen] years of age who commute to college." Id. at Appendix IX-A to R. 5:6A at ¶ 18. Further, it is well established that "[r]esort to the [c]hild [s]upport [g]uidelines . . . to make support calculations for college students living away from home is error" and "courts faced with the question of setting child support for college students living away from home must assess all applicable facts and circumstances, weighing the factors set forth in N.J.S.A. 2A:34-23a." Jacoby, 427 N.J. Super. at 113 (citation omitted).

overnights with plaintiff and has done so since March 2019. Defendant did not dispute that Jane spent no overnights with him. Plaintiff further contends a modification of Jane's child support obligation is warranted because: Jane is over the age of eighteen; Jane is attending college; and Jane declined to participate in reunification therapy with defendant.

We agree these facts present changed circumstances warranting a modification of the parties' child support obligations for Jane. While the relationship between Jane and defendant may be strained, defendant has an obligation to provide financial support for her and the amount of support must be based on a judicial evaluation of Jane's needs and best interests.

Having reviewed the record, we are satisfied the Family Part judge mistakenly declined to find changed circumstances warranting a child support modification for Jane. On remand, the judge shall evaluate Jane's needs and best interests, among other factors, in recalculating her child support award.

We also remand to the Family Part to recalculate child support for Sue. The parties never addressed Sue's child support during the March 2019 hearing. On remand, the judge should evaluate Sue's needs and best interests in arriving at the amount of her child support. The judge should also consider Sue's

12

parenting time schedule and any other relevant considerations at the time of the remand proceeding.

However, we reject plaintiff's request for modification of the parties' child support obligations retroactive to March 2019. A parties' child support obligation can only be "retroactively modified . . . from the date the notice of motion was mailed either directly or through the appropriate agent." N.J.S.A. 2A:17-56.23a. Here, plaintiff filed her application to modify child support on July 24, 2021. On remand, the judge should use the July 24, 2021 filing date for recalculating the parties' child support obligations.

Because we remand to the Family Part to recalculate child support for Jane and Sue based on changed circumstances, we need not address plaintiff's remaining arguments. Moreover, we note the remand judge should consider, if still applicable, defendant's employer-provided vehicle as an in-kind benefit in the child support recalculation.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13