**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3027-22

A.W.,

     Plaintiff-Appellant,

v.

S.M.,[1]

     Defendant-Respondent.

_____

Submitted June 5, 2025 – Decided June 19, 2025

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0355-18.

John M. Holliday, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the parties' privacy and the confidentiality of the proceedings in accordance with Rule 1:38-3(d)(12).

Plaintiff A.W. appeals from a May 5, 2023 order denying her motion to reconsider a February 10, 2023 order, which denied her request to reinstate child support.[2] We vacate both orders under review and remand for further proceedings.

Plaintiff and defendant are the divorced parents of two children. On October 15, 2018, a Family Part judge entered a dual final judgment of divorce, which incorporated an October 2018 Property Settlement Agreement (PSA) as part of the divorce judgment. Under the PSA, the parties agreed to joint legal custody of the children, with plaintiff designated as the parent of primary residence. With respect to parenting time, it provided defendant would have the "children every weekend from Friday overnight (after school) to Sunday or Monday based on [plaintiff]'s work schedule."

As to child support, the PSA stated "[p]ending the outcome of the [Division of Child Protection and Permanency] investigation" and a dispute over

---

[2] The May 5, 2023 order also addressed plaintiff's request for reconsideration of a prior denial of her application for reimbursement of medical insurance and costs and attorney's fees and costs. As she has not briefed those issues, we accordingly consider them waived and limit our discussion to the child support issue. See Telebright Corp. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("[A]n issue not briefed is deemed waived.").

plaintiff's weekly income, defendant agreed to pay $259 per week in child support. It further explained "child support reflects two overnights per week" with defendant and was based on the agreed-upon weekly income of $380 for plaintiff and $1,095 for defendant.

On April 7, 2020, the parties entered into a consent order, which memorialized their agreement that defendant would relocate to Maine and would "have custody of the children for the summers and winter breaks," with plaintiff having physical custody for the school year. The parties also agreed to "vacate[]" child support and "reevaluate the custody plan after one year."[3]

On July 8, 2022, defendant moved and sought to modify the parties' existing custody arrangements, among other requests. Plaintiff cross-moved seeking to "[c]omput[e] child support, pursuant to the guidelines, and set[] a basic support amount payable to [p]laintiff via wage garnishment, retroactive to the July 28, 2022 filing . . . of [her] cross-motion." Plaintiff further requested defendant "file with the [c]ourt[,] and provide a copy to counsel, of his [f]inancial [s]ummary [s]tatement with verification of current income including,

---

[3] The parties have not included the April 7, 2020 consent order in the record. They do not dispute, however, that its material terms are memorialized in the court's June 26, 2020 order.

but not limited to, [his] 2021 [f]ederal [i]ncome [t]ax [r]eturn, 2021 W-2 statement, and copies of [his] last three . . . earnings statements."

In her supporting certification, plaintiff explained "[s]ince birth, [she] . . . maintained primary responsibility for [her and defendant's] children," including "provid[ing] for all of their needs, i.e., feeding, clothing, healthcare, hygiene, school[,] and extracurricular activities." She stated she lives in a two-bedroom apartment with her boyfriend, who earns $22 per hour as an HVAC technician, and that she and her boyfriend had their first child together in May 2022. Plaintiff further described she was employed full-time as a packer at Amazon but was on disability from December 2021 to May 2022 and "extended maternity leave" at the time of the motion. Finally, plaintiff reasserted her request for documentary proof of defendant's income and stated she provided a financial summary statement to verify her and her boyfriend's income.

In a February 10, 2023 order, the court denied plaintiff's cross-motion with respect to her request to reinstate child support.[4] The court found "[t]he parties[] entered into a custody order whereby child support was terminated"

---

[4] The court also denied defendant's motion to modify custody and parenting time.

A-3027-22

and concluded "the arguments presented by [p]laintiff [did not] constitute changed circumstances warranting a review of child support."

On March 24, 2023, plaintiff moved for reconsideration and again requested the court "direct [d]efendant to submit a completed [f]inancial [s]tatement for [s]ummary [s]upport [a]ctions, including verification of current income[,] and set [his] child support obligation retroactive to May 1, 2020." In her certification supporting her application, plaintiff explained it was her "understanding, . . . that under existing New Jersey [l]aw[,] parents cannot waive child support since it is for the direct benefit of the children, not the parents." Accordingly, plaintiff requested an order acknowledging the "April 7, 2020 [c]onsent [o]rder terminating child support is not enforceable and, therefore, [d]efendant's obligation as the non-custodial parent to pay child support remains in effect."

After considering the parties' written submissions and oral arguments the court denied plaintiff's motion. The court concluded its prior decision was not "based upon a palpably incorrect or irrational basis, or . . . that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." It issued a conforming order and explained its decision in a written opinion.

A-3027-22

With respect to plaintiff's request to reinstate child support, the court explained "[w]hile a party cannot waive child support[,] they can always not seek the payment of child support," and "[i]n this case[, d]efendant agreed to stop the child support payments as part of the overall consideration of the consent order that was entered." The court further rejected plaintiff's arguments that she entered the April 2020 consent order as a result of fraud or duress and that child support should be effective to the date of the consent order.

Notwithstanding its denial of plaintiff's application, however, the court allowed for the limited exchange of updated financial information. The court ordered the parties to exchange their respective 2022 year-end and 2023 year-to-date income documentation in the hopes that counsel could negotiate any future changes to the child support arrangement and, if not, file a new motion.

On appeal, plaintiff argues the court erroneously enforced the parties' April 7, 2020 consent order because the "agreement [was] clearly contrary to well[-]established New Jersey law[,] which clearly holds that a custodial parent is not in a position to waive or terminate child support payments since the right to support belongs to the child not the parent." She asserts "both parents have a continuing responsibility to share the costs of providing for the children." Further, "there is no basis to enforce their prior agreement vacating child support

A-3027-22

since . . . [it] contradicts public policy and the long line of cases that uphold the principle that the benefit of the support is intended for the child and not a negotiating point between divorcing or separated parents."

Plaintiff further asserts the court erred "using a change of circumstance standard for modification, [and] that the parties did not waive child support payments, but rather, vacated a prior support order which originated in the parties' [P]SA wherein [d]efendant was obligated to pay $259[] per week." She further argues the court's conclusion that the parties chose not to seek collection of child support "no longer applies . . . since [p]laintiff is seeking a collection of child support in the form of an enforcement action . . . which is now the subject of the . . . appeal."

"The trial court has substantial discretion in making a child support award." Foust v. Glaser, 340 N.J. Super. 312, 315 (App. Div. 2001) (citing Pascale v. Pascale, 140 N.J. 583, 594 (1995)). "If consistent with the law, such an award 'will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'" Id. at 315-16 (quoting Raynor v. Raynor, 319 N.J. Super. 591, 605 (App. Div. 1999)) (internal quotation marks omitted). The standard of review "is that findings by the trial court are binding on appeal when supported by

7

adequate, substantial, credible evidence" in the record. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)). All legal issues, however, are reviewed de novo. Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

It is axiomatic that child support is a right that belongs to the child. Martinetti v. Hickman, 261 N.J. Super. 508, 512 (App. Div. 1993). Both parents bear the obligation of child support. Pascale, 140 N.J. at 593. "[C]hildren are entitled to share in the current income of both parents." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 1, www.gannlaw.com (2025). To that end, our court rules state the guidelines "shall be applied when an application to establish or modify child support is considered by the court." R. 5:6A.

A court need not apply the guidelines where there is good cause not to, namely "factors which may make the guidelines inapplicable or subject to modification, and [where an] . . . injustice would result from the application of the guidelines." Ibid. However, the "guidelines must be used as a rebuttable presumption to establish or modify all child support orders. The guidelines must be applied in all actions, contested or uncontested, in which child support is

being determined . . . ."  Child Support Guidelines, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix IX-A to <u>R.</u> 5:6A, ¶2.

"A 'trial court has the discretion to modify [an] agreement upon a showing of changed circumstances.'"  <u>Quinn v. Quinn</u>, 225 N.J. 34, 49 (2016) (quoting <u>Berkowitz v. Berkowitz</u>, 55 N.J. 564, 569 (1970)).  After a party makes a showing of changed circumstances relating to child support, the trial judge must determine if a plenary hearing is required.  <u>Hand v. Hand</u>, 391 N.J. Super. 102, 105 (App. Div. 2007).

<u>Rule</u> 5:5-4(a)(4) requires a party moving for modification of an order or judgment based on changed circumstances to "append copies of [their] current case information statement [(CIS)] and [their CIS] previously executed or filed in connection with the order, judgment[,] or agreement sought to be modified." "Courts have consistently rejected requests for modification based on circumstances which are only temporary or which are expected but have not yet occurred."  <u>Lepis v. Lepis</u>, 83 N.J. 139, 151 (1980) (citing <u>Bonanno v. Bonanno</u>, 4 N.J. 268, 274 (1950)).  Therefore, the premature filing of a <u>Lepis</u> motion will justify its denial on the ground that the change has not been shown to be a permanent condition or of lasting duration.  <u>Larbig v. Larbig</u>, 384 N.J. Super. 17, 22-23 (App. Div. 2006).

"There is . . . no brightline rule by which to measure when a changed circumstance has endured long enough to warrant a modification of a support obligation. . . . [S]uch matters turn on the discretionary determinations of Family Part judges, based upon their experience as applied to all the relevant circumstances." Ibid.

We are convinced further development of the record is necessary to determine the propriety of the provision of the consent order, which vacated defendant's child support obligations. As the court correctly noted, consistent with the aforementioned, well-established legal principles, the parties cannot waive their obligation to provide support for their unemancipated children as that is not their right to bargain away. See Hickman, 261 N.J. Super. at 512.

However, based on the record before us, we are unable to discern the economics supporting the parties' decision to forgo child support and, specifically, if it was the result of an equal shared physical custody arrangement with attendant equal financial responsibilities. Based on the PSA, however, the parties appear to have a significant income disparity with defendant earning more than $700 per week than plaintiff at the time of the dual judgment of divorce. Further, in plaintiff's certification supporting her reconsideration application, she attested to being out of work for a significant period and before

10

that, earning a modest living while providing significant financial support for the parties' children.

Simply put, the record fails to reveal the parties' respective economic circumstances when they agreed to "vacate" the prior child support order, or at the time plaintiff filed to reinstate it, to enable us to conduct a meaningful analysis. Accordingly, on remand, the parties shall exchange updated financial information sufficient to determine their parties' respective economic circumstances, and for the court to consider a support obligation consistent with the established guidelines.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11