**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4796-18T1

N.G.,

    Plaintiff-Respondent,

v.

N.B.G.,

    Defendant-Appellant.

_____

        Submitted November 2, 2020 – Decided  January 4, 2021

        Before Judges Rothstadt and Susswein.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0802-17.

        Jay Turnbach, attorney for appellant.

        Williams Law Group, LLC, attorneys for respondent (Allison Williams, of counsel and on the brief; Victoria D. Miranda, on the brief).

PER CURIAM

In this post-judgment dissolution (FM) action, defendant N.B.G.,[1] the former husband of plaintiff N.G. and father of the parties' two children, appeals from portions of the Family Part's May 24, 2019 order that addressed the parties' child support obligations. The order also denied defendant's request to allocate to plaintiff the responsibility of paying amounts owed to a county Board of Social Services (Board), which were established in a separate summary support (FD) action. On appeal, defendant contends that the motion judge erred by calculating plaintiff's child support without plaintiff's current case information statement (CIS) or income information, by not compelling plaintiff to reimburse defendant for amounts paid in satisfaction of the Board's claim, and by not requiring plaintiff to pay his counsel fees for the entire litigation, including a Title Nine[2] (FN) action and the FD litigations in which the parties and the Board were previously involved.

---

[1] To protect privacy interests and for ease of reading, we use initials and pseudonyms for the parties and the children. R. 1:38-3(d)(12).

[2] N.J.S.A. 9:6-8.21 to -8.73. Title Nine is designed to protect children who suffer "serious injury inflicted by other than accidental means." G.S. v. Dep't of Hum. Servs., 157 N.J. 161, 171 (1999) (quoting N.J.S.A. 9:6-8.8). The protection afforded by the act extends to children whose parent's actions create a "substantial risk" of physical or emotional harm. Ibid. (quoting N.J.S.A. 9:6-8.21).

For the reasons that follow, we vacate and remand for recalculation of the child support determinations, but otherwise affirm the motion judge's conclusions substantially for the reason expressed in his May 24, 2019 written decision.

The parties were married in 2001, and had two children, a daughter I.G. (Irene), born in 2007, and a son, A.G. (Aaron), born in 2008. They separated in 2010 and were divorced in 2016.[3] Evidently, their judgment of divorce (JOD) awarded joint custody, designated plaintiff as parent of primary residence (PPR) and required defendant to pay child support.

In 2017, the New Jersey Division of Child Protection and Permanency (Division) filed an FN action against the parties that resulted in an order being entered that removed the children from plaintiff's physical custody, granted the Division custody, and placed them in resource homes. However, in August of that year, the FN judge granted defendant physical custody of Aaron and did the same as to Irene in September, but the FN action was not terminated at that time.

In June, defendant filed a motion in this FM action seeking to suspend his child support obligation, which was denied without prejudice on June 26, 2017.

---

[3] Neither party provided a copy of the judgment of divorce that was evidently entered in December 2016.

According to the parties, that motion judge denied relief because he thought plaintiff's loss of physical custody was temporary. Because of that order, Probation continued to collect child support on plaintiff's behalf from defendant through a wage garnishment even though the children were not in plaintiff's custody. It was not until October 25, 2017, that a judge entered an order in the FM action terminating defendant's child support obligation to plaintiff.

Prior to the children being placed in defendant's custody, the Board instituted separate FD actions against each party for child support to be paid while the Division had custody.[4] Orders for support were entered in each action, requiring that payments be made through Probation. In January 2018, after defendant had custody of the children, the Board obtained an order in its FD action with defendant fixing the amount of defendant's support arrears as $5075 and directing that he pay them at a weekly rate of five dollars. That order made no mention of plaintiff who was not a party to that action.

---

[4] The records of the two FD actions were also not provided to us, except for a copy of the January 2018 order.

Afterward, defendant filed a motion in the FN action to address child support and to allocate costs incurred by the Division for which the parties were responsible. Evidently, the FN judge denied the motion.[5]

From the time defendant obtained physical custody in 2017 to December 2018, there were several orders entered under the FN docket that altered the parenting time between the parties. One order, which was entered on October 24, 2018, granted plaintiff parenting time on alternate weekends. A December 18, 2018 order granted the parties equal parenting time, but designated defendant as PPR. That order also terminated the FN litigation. On the same day, there was a separate order entered in this FM action that continued the shared parenting time arrangement and defendant's designation as PPR. The order did not address child support.

On March 21, 2019, defendant filed a motion in this action seeking various relief that included a request to retroactively establish plaintiff's child support obligation[6] "from April 7, 2017 forward, both during the period [plaintiff] ha[d]

---

[5] We have also not been provided with a copy of the judge's order relating to this motion.

[6] "Under N.J.S.A. 2A:17-56.23(a), a court may retroactively establish or increase one's child support obligation back to at least the filing date of the application, or forty-five days earlier upon service of advance written notice."

no overnight parenting time, and from the institution of the joint physical custody order dated December 18, 2018, going forward." The motion also sought the "[a]llocating [of] a cha[r]ge by the . . . Board . . . to [p]laintiff in an underlying FN matter." The notice of motion did not include a request for an award of counsel fees.

In his supporting certification, defendant claimed that after April 7, 2017, Probation collected $5827 in child support from him, "despite the fact that [plaintiff] did not have custody of the children." He certified that Probation held those funds for a time, but on January 1, 2018, it released them to plaintiff. His assertions were not supported by copies of any records. Defendant sought an order directing plaintiff to pay him the lump sum child support payment she received in January 2018 from Probation. Further, he sought payment of child

---

Cameron v. Cameron, 440 N.J. Super. 158, 166 (Ch. Div. 2014). And, as to establishing or increasing support, "the anti-retroactivity provisions of N.J.S.A. 2A:17-56.23, may not necessarily apply, and a court may in some instances retroactively increase support to a date earlier than the filing date of the motion or forty-five day written notice." Id. at 166 fn. 2 (citing Keegan v. Keegan, 326 N.J. Super. 289, 294-95 (App. Div. 1999)). "This court has concluded that '[n]othing in the legislative history suggests that the law was enacted to protect 'parents' from retroactive modifications increasing support obligations where equitable.'" J.S. v. L.S., 389 N.J. Super. 200, 206 (App. Div. 2006) (quoting Keegan, 326 N.J. Super. at 294).

A-4796-18T1

support from plaintiff for the period October 25, 2017 to December 18, 2018, when the children were primarily in his custody.

Defendant's certification also addressed the January 18, 2018 FD order that required him to pay $5075 to the Board for arrears "on account of the [Division] placement." He explained "[s]ince that placement had ended well before January 2018, the $5075 was a fixed arrearage at the time the order was entered, and a probation account was created."

According to defendant, soon after that FD order was entered, he was required to sell a real estate he owned in order to fulfill his obligations to plaintiff under the JOD. By selling the real estate, he was compelled to pay the balance owed to the Board as it held a lien on the property for the arrears fixed by the January 18, 2018 FD order. As defendant explained, because he did not have the cash to satisfy the lien, his buyers paid the amount owed to have the lien discharged in exchange for his delivery of a promissory note in the amount they paid. He also asked the court to "direct [plaintiff to] be responsible for, and repay [him]," the amount of the Board's lien of $5075 which sum covered the costs for "the institutionalization of [their] children and their placement in foster care."

Defendant attached his current tax return and CIS to the motion, but because he did not possess any financial information about plaintiff, he did not provide plaintiff's financial information or a proposed child support guideline calculation. He stated that plaintiff "ha[d] historically been a high[-]income earner, earning to [his] knowledge in excess of $200,000.00 annually and has the present ability to pay [defendant's] counsel fees." The counsel fees sought by defendant related to all litigation dating back to the Division becoming involved with the family in 2016 and covering the FN, FD, and FM matters.

In response to defendant's motion, plaintiff filed a cross-motion seeking the denial of plaintiff's motion and an award to her of counsel fees and costs. In her supporting certification, she stated that on December 7, 2017, Probation deposited $3847 into her account, not the $5827 described in defendant's motion. She further explained she bore the costs of the children's FN court-ordered expenses for therapy alone because defendant refused to contribute, and that she paid "for the vast majority of [their] children's expenses and continue[s] to do so." She also disclosed that she recently lost her employment. Plaintiff argued that defendant's request for retroactive child support had no basis in the law under N.J.S.A. 2A:17-56.23(a).

A-4796-18T1

As to the Board's lien, plaintiff claimed she should not be solely responsible for the fees incurred as a result of the children being placed in the resource home. She explained they were each ordered to pay the same amount and she had already paid her share. However, plaintiff did not attach any proof of any payment or an order requiring her to pay. She also did not provide a CIS or copies of her tax returns.

Defendant filed a reply certification challenging plaintiff's allegedly "baseless allegations" against him and contending that because of plaintiff he was forced to engage in litigation in the FN action to preserve his relationship with his children. Defendant detailed the therapy the children went through, and explained they were "institutionalized" without his knowledge or consent due to baseless allegations plaintiff had made against him. Defendant also stated that plaintiff, by her cross-motion, was "wasting [his] time and the [judge's] time by not filing a [CIS]," and that she was a high-income earner with ability to pay child support and counsel fees.

On May 24, 2019, after considering the parties' oral arguments, the motion judge entered an order granting defendant's motion in part, together with a written decision. In his written decision, the judge explained that he was able to confirm from Probation's records that in December 2017 Probation released

the sum of $3847 but there was no "express indication" that this money was paid to plaintiff, and he lacked sufficient information to account for the payment. Specifically, the judge did not know if the money was distributed to plaintiff, to another account, or if the posting was a mistake made by the Probation. For that reason, the judge denied defendant's motion in this regard and instead ordered Probation to perform an audit of the account and provide defendant with "all information regarding any deposits and/or distributions on the account, including the source of the deposit and the recipient of any distribution, from September 2017 through present."

The judge granted defendant's motion for child support for the time he had physical custody of the children. In calculating the support amounts, the judge used defendants' tax returns, CIS, and other financial information supplied by defendant. The judge did not have plaintiff's CIS or income information, and instead relied upon the child support guidelines that were used in the separate FD matter between plaintiff and the Board.

Applying that financial information to the various custody arrangements that existed once defendant had custody, the judge calculated specific support amounts for each period that were based upon the amount of parenting time plaintiff was allowed by court order. The last child support order entered

10

required plaintiff to pay eight dollars per week from December 1, 2018 when the parties began a shared custody arrangement, and he directed Probation to make all the necessary adjustments to the parties' account to reflect the changes.

The judge denied defendant's motion for the judge to allocate the Division's lien amount to plaintiff because he did not have jurisdiction. According to the judge, although "arrears accrued on [defendant's] account while the children were in defendant's custody," any issue had to be addressed in the FD action between defendant and the Board, not the FM action, especially since the Board was not a party to the latter, and that "[t]he same is true for any request for compensation regarding the lien that resulted from that support obligation." The judge explained that plaintiff was not responsible for any "aspect of those arrears nor reimbursing [defendant] for same."

Finally, as to counsel fees, the judge's order did not include a provision granting or denying them. However, in his written decision, the judge stated that he was denying requests for counsel fees as to both parties in this and the FD and FN matters. The judge explained he could "only address a request for fees pertaining to this application; [he could not] grant [defendant] counsel fees for matters beyond that limited scope." As to counsel fees for the motion, the judge considered the factors enumerated in Rule 5:3-5(c), and upon balancing

them, held that both parties would be responsible for their own counsel fees, especially since neither acted in bad faith. This appeal followed.

We begin our review with defendant's challenge to the motion judge's determination of support without requiring plaintiff to file a current CIS as required by Rule 5:5-2(a) and Rule 5:5-4, and instead relying upon information used in another proceeding between plaintiff and the Board. Contrary to plaintiff's argument before us, as noted above, defendant did raise plaintiff's missing financial information in his reply certification when plaintiff's opposition did not include any financial information.

At the outset, we acknowledge the award of child support is committed to the sound discretion of the trial court and the award will not be disturbed on appeal "unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (quoting Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001)).

Applying that standard, we conclude that although the motion judge's actions seem to have been an attempt to reach a practical solution to bringing this matter to closure, his failure to follow the Rules was a mistaken abuse of discretion. Not only did the judge's methodology deprive defendant from an

opportunity to challenge plaintiff's proofs as to her income and expenses because he was not a party to the FD action that established plaintiff's support obligation to the Board, but it also may have deprived the children of a "fair[] . . . child support award[, which] is dependent on the accurate assessment of a parent's net income." Caplan v. Caplan, 182 N.J. 250, 264 (2005) (quoting Pressler, Child Support Guidelines, Current N.J. Court Rules, Appendix IX–A to R. 5:6A (2005)).

We therefore direct that on remand the motion judge require the parties to submit current and past financial information, including CISs, relative to the appropriate time periods, and that each side be given an opportunity to respond to the submissions before the judge calculates the correct child support owed by plaintiff to defendant, if any.[7]

As to defendant's remaining arguments about the motion judge's refusal to address the amounts defendant was required by court order to pay to the Board that led to the establishment of a lien, and as to the denial of counsel fees, we

---

[7] As plaintiff has already conceded that she received $3847 from Probation, if, at that time, Probation has supplied the missing information demonstrating what other amounts were released to plaintiff for child support from defendant when child support was owed from her to defendant, that amount, if any, should be ordered repaid by plaintiff in an appropriate manner as determined by the motion judge, unless the judge determines such funds should not be repaid.

13

conclude his contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the motion judge. We only reiterate, as the motion judge observed, that no matter who was responsible for the institution of the FN matter that led to the support orders in the FD matters, both parties remained obligated to support their children during that action regardless of whose custody they were placed by the court. Lynn v. Lynn, 165 N.J. Super. 328, 343 (App. Div. 1979); Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, www.gannlaw.com (2020) ("When a child has been placed in out-of-home care by . . . the [Division], on application or motion made at the request of the [Division] as to one or both parents, the court may order the parent(s) to pay their income shares of the sole-parenting award to that agency.").

Also, as to counsel fees, because the order under appeal did not reflect the denial of same as stated in the motion judge's written decision, we direct that on remand the order be amended to reflect the judge's decision.

Affirmed in part; vacated and remanded in part for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4796-18T1