**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1726-20

LORI-ANN K. GIPPLE,

    Plaintiff-Respondent,

v.

MICHAEL W. ROGERS,

    Defendant-Appellant.

_____

Submitted May 11, 2022 – Decided July 27, 2022

Before Judges Whipple and Susswein.

On appeal before the Superior Court of New Jersey, Cape May County, Family Part, Docket No. FD-05-0046-99.

Michael W. Rogers, appellant pro se.

Lori-Ann K. Gipple, appellant pro se.

PER CURIAM

    Defendant Michael W. Rogers appeals from a February 1, 2021 Family

Part order denying reconsideration of an order pertaining to his child support

obligations. Defendant and plaintiff Lori-Ann K. Gipple share a daughter; the daughter was twenty years old at the time the order was denied. Defendant sought to terminate his child support obligation and receive a credit toward his arrears. He raises numerous contentions on appeal, including that the reconsideration judge erred by (1) accepting the child's testimony and an enrollment letter as sufficient proof of the child's full-time college attendance; (2) refusing to terminate his child support obligation based on the child's income, indicating that she was financially independent; and (3) modifying the credit previously awarded by another judge to reflect the date the child's residence switched from defendant back to plaintiff, rather than the date on which plaintiff had filed a motion for modification of child support, thereby violating N.J.S.A. 2A:17-56.23(a).

After carefully reviewing the record in light of the arguments of the self-represented parties and the applicable legal principles, we affirm the reconsideration judge's rulings with respect to the child's college attendance and her financial independence. However, it is unclear on the record before us whether the court's calculation of credit towards defendant's arrears in practical effect constitutes a retroactive modification of child support. The reconsideration judge's oral opinion indicates that the modification relates back

to when plaintiff filed her motion to modify child support. However, it is unclear whether the court's calculation of the credit towards defendant's arrears instead correlated to the date when the child's primary residence switched back to her mother—an event that precedes the filing of plaintiff's motion for modification of child support. We therefore remand the matter to the Family court for the limited purposes of clarifying its ruling with respect to the calculation of credits, and, if necessary, recalculating arrears to reflect the date on which plaintiff filed her motion to modify child support.

I.

The parties divorced in 2011, followed by substantial post-divorce litigation. We summarize the relevant facts and procedural history leading up to the Family Part order at issue in this appeal.

On October 10, 2018, plaintiff filed a motion to terminate defendant's child support obligation because their daughter had switched from living in plaintiff's home to defendant's. On November 7, 2018, the parties by mutual consent agreed that defendant would become the parent of primary residence. At that time, defendant did not pursue any alteration in the child support arrangement.

A-1726-20

On January 5, 2019, defendant was arrested on a warrant for unpaid child support. Two days later, he filed a motion seeking child support from plaintiff.

On February 13, 2019, the Family Part judge (initial judge) ordered:

> Plaintiff's child support obligation of $52.00 per week shall be credited toward Defendant's arrears owed to Plaintiff under case# CS11346849C. Plaintiff shall not pay anything toward this obligation. The amount of $1,508.00 representing $52.00 per week x 29 weeks (2/13/19 through 8/28/2018) shall be credited to Defendant's arrears. In September 2019 the Defendant shall provide to Plaintiff and Probation proof that the child is a full-time college student (completely enrolled in 12 credits). If the Child is enrolled full time in school then the obligation of $52.00 per week shall be established and an appropriate credit/adjustment process shall be implemented under case CS90520977A. If the Child is not enrolled in school full time, or if no school documentation is provided by the Defendant by September 1, 2019, then the credit of $1,508 shall be removed from case CS11346849C.

On or around July 16, 2019, the child moved back in with her mother, plaintiff. Soon after, in August 2019, plaintiff was hospitalized in connection with a life-threatening cerebral aneurysm that required surgery. Following the surgery, plaintiff's recovery spanned "a few months." Plaintiff asserts that her post-surgery recuperation explains why she did not file a motion to re-establish child support until November 26, 2019.

4

On December 19, 2019, a second judge convened a brief proceeding on plaintiff's request to re-establish child support. During the hearing, defendant expressed his wish to terminate his support obligation. The matter was accordingly rescheduled for January 31, 2020, in order to allow for the child to be present to hear defendant's wish to terminate child support. Plaintiff was ordered to "make sure that the child attends the relisted Hearing for Modification." Both parties were instructed to provide proof of income.

The same judge again presided over the January 31, 2020 hearing. Plaintiff provided the requested proof of income along with an enrollment letter, which she offered as proof of the child's full-time college enrollment. Defendant failed to furnish proof of income as instructed. The child attended as the second judge had ordered, and testified as to her college enrollment. The judge denied defendant's motion to terminate child support. Lacking any proof of defendant's income, the judge instead imputed minimum wage for the purpose of calculating defendant's child support obligation. The second judge ultimately entered a new child support order setting defendant's child support obligation at $101 weekly, plus an additional $25 weekly payment toward his child support arrearages (then totaling $4403).

A-1726-20

On February 19, 2020, plaintiff filed a motion for reconsideration. She sought a grant of retroactive child support backdated to November 26, 2019, the day on which she had filed her motion to re-establish defendant's child support obligation. Plaintiff also requested that the court recalculate defendant's child support obligation using his actual rather than imputed income. She contended that defendant was receiving cash "under the table" as a member of a band.

In March 2020, the COVID-19 pandemic caused the courts to shut down. On September 24, 2020, defendant filed a motion to terminate child support on the grounds that his daughter was "more than financially able to pay for her own room and board" and had not been attending remote classes as a full-time student at Atlantic Cape Community College. In October 2020, the plaintiff received notice of defendant's motion to terminate his child support obligation. This notice led plaintiff to inquire about the status of her motion for reconsideration that she had filed on February 19, 2020. An investigation by the clerk concluded that the motion had been misplaced and was never put before the judge.

On November 9, 2020, a third judge (reconsideration judge) conducted a virtual hearing on plaintiff's motion for reconsideration. The motion was granted, and a new virtual hearing was scheduled for November 30, 2020. In order to recalculate defendant's support obligation, the reconsideration judge

6

ordered the parties to bring to the November 30 hearing proof of income, including the previous three years of federal income tax returns, disability income, and their three most recent paystubs. Plaintiff was additionally ordered to produce proof of the child's college enrollment.

The November 30, 2020, hearing needed to be re-scheduled and was instead reconvened via Zoom on December 14, 2020. The reconsideration judge heard the parties' arguments on defendant's motion to terminate child support and on plaintiff's motion to retroactively re-establish child support effective to November 26, 2019. Plaintiff provided proof of her income as well as the requested enrollment letter as proof of the child's full-time college student status. The reconsideration judge confirmed that defendant had already provided proof of his income as ordered.

Two critical facts were in dispute at the hearing: whether the child was truly a full-time college student, and when the child switched residences from her father's home back to her mother's. During the Zoom hearing, the child arrived at her mother's home. After the child was sworn in, the reconsideration judge questioned her in order to definitively resolve her student status and the date on which she moved from her father's home back to her mother's. The child confirmed that she was a full-time college student and that she had stopped

7

residing with defendant and moved back in with her mother around her birthday, which is July 19, 2000. The judge found the child's testimony credible. The judge concluded that the child was a full-time college student. The child's testimony also resolved when she resumed residing with her mother.

The reconsideration judge thereupon denied defendant's motion to terminate support and, as the proof of income he had submitted "d[id] not show that he [was] really making any money[,]" the judge again calculated defendant's child support obligation by imputing minimum wage.[1] As the child's testimony confirmed plaintiff's claim that defendant had ceased being the parent of primary residence in July 2019, the reconsideration judge reduced the number of weeks for which defendant had been awarded credit from twenty-nine weeks down to twenty-four weeks. At the conclusion of the hearing, the reconsideration judge awarded defendant a credit of $1,248 toward his arrears and set his child support obligation at $101 per week, plus an additional $9 per week to be directed toward the outstanding balance of arrears, setting the "effective date []as November 26, 2019."

---

[1] A "court is authorized to impute income for the purpose of determining child support when a parent is found to be voluntarily unemployed or underemployed without cause." Elrom v Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015).

On January 19, 2021, defendant sent an email to a court employee in which he requested that another judge hear the matter. The judge explained that the email was an improper ex parte communication. Because plaintiff had not been privy to the email, the reconsideration judge then read the email into the record. In it, defendant expressed his belief that the initial judge had been "of a completely different mindset[,]" leading defendant to believe the reconsideration judge's ruling was tainted by some bias.[2]

Defendant's email also expressed his belief that the reconsideration judge had failed to require sufficient proof of the child's full-time college attendance to sustain the denial of defendant's motion to terminate support. Additionally, defendant complained that the reconsideration judge "did not award [him] an equal amount of the $52 per week for [twenty-nine] weeks . . . from a previous judge's order." Finally, defendant argued that the reconsideration judge's award of "roughly five and a half months of retro[active child support]" to plaintiff,

---

[2] We note that defendant does not raise the issue of bias in his appellate brief. Accordingly, we deem that contention to be waived and do not address it on the merits. See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 504 n.2, (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

A-1726-20

was based on an erroneous[3] conclusion about when the parent of primary residence shifted from defendant back to plaintiff.

The reconsideration judge elected to treat defendant's email as a motion for reconsideration. She first addressed defendant's request for a new judge due to bias. When the judge asked defendant "what's my bias?" defendant said, "bias might be a strong word" and "might not be the proper . . . word" but explained that he wanted a "fresh start with a new [j]udge who can look at this set of facts with a new set of ears" because the reconsideration judge had "already [made] a predetermination based on things that were already heard." She then explained that defendant's desire for a "fresh start" with a "new set of eyes" was not sufficient "grounds to give [defendant] a new [j]udge . . . ."

The reconsideration judge next explained that if defendant was unhappy with a ruling, he could file an appeal with the Appellate Division, but that defendant's email should have been filed as a motion for reconsideration.

After denying defendant's motion for a new judge, the judge explained that she was going to review the email as a motion for reconsideration, then explained the standard applicable to such a motion. The reconsideration judge

---

[3]  Defendant argued that although the child had moved back in with plaintiff in July 2019, "she was still coming to [his] house often."

noted that defendant's allegations lacked specificity, and that he failed to present "any new information or [demonstrate] that the court acted in an arbitrary, capricious, or unreasonably manner."

Defendant again raised before the reconsideration judge his argument that the court had failed to require proof of the child's ongoing college attendance sufficient to support the denial of his motion to terminate his support obligation. In response, the judge noted that at the last hearing she had questioned defendant's daughter. When asked what more proof he could possibly want, defendant reiterated his argument that enrollment does not prove ongoing attendance. The judge found that defendant had not met the burden required to grant his motion for reconsideration. In the face of his continued insistence, the reconsideration judge noted that the logical implication of defendant's argument was that his daughter had lied under oath. The reconsideration judge reiterated that she found the child's testimony credible. However, plaintiff explained that since the December 14, 2020, hearing, the child had since decided to "take a break from school." On that basis, plaintiff requested that defendant's child support obligation be terminated. The reconsideration judge thereupon granted plaintiff's request to terminate defendant's child support obligation, effective December 24, 2020.

This appeal follows. Defendant raises the following contentions for our consideration:

> POINT I
>
> THE TRIAL COURT DID NOT APPROPRIATELY CREDIT DEFENDANT'S ACCOUNT IN SUPPORT OF A PREVIOUS COURT ORDER.
>
> POINT II
>
> THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFF BECAUSE THE CHILD WAS RECEIVING A SUBSTANTIAL AMOUNT OF WEEKLY BENEFITS AS WELL AS FINANCIAL AID.
>
> POINT III
>
> THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFF BECAUSE TRIAL JUDGE OVERRULED PRIOR JUDGE'S ORDER AND AWARDED PLAINTIFF RETROACTIVE CHILD SUPPORT, BUT NOT DEFENDANT; TRIAL COURT BACKDATED PLAINTIFF'S RETRO TO [FOUR] MONTHS BEFORE MOTION WAS FILED; PLAINTIFF DIDN'T FILE SECOND MOTION ON TIME.
>
> POINT IV
>
> THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFF BECAUSE PLAINTIFF DID NOT SUPPLY TRIAL COURT WITH SUFFICIENT EVIDENCE OF CLASSES ATTENDED SINCE THE PRIOR ORDER[.]

POINT V

AS DEFENDANT CONTINUED TO BE ADAMANT
ABOUT ADEQUATE PROOF BEING PROVIDED,
THE TRIAL COURT FINALLY ASKED PLAINTIFF
TO RESPOND—SUDDENLY PLAINTIFF
REQUESTED TO CEASE CHILD SUPPORT[.]


## II.

We begin our review by acknowledging the foundational legal principles that govern this appeal. The scope of our review of a Family Part order is limited. See Thieme v. Aucoin-Thieme, 227 N.J. 269, 282–83 (2016); Cesare v. Cesare, 154 N.J. 394, 411 (1998). We accord deference to Family Part judges due to their "special jurisdiction and expertise in family [law] matters." Cesare, 154 N.J. at 413. We are bound by the judge's findings so long as they are "supported by adequate, substantial, credible evidence." Id. at 411–12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 154 N.J. 474, 484 (1974). We will not disturb the factual findings and legal conclusions unless convinced they are "so manifestly unsupported by or inconsistent" with the evidence presented. Id. at 412 (quoting Rova Farms, 474 N.J. at 484). However, challenges to legal conclusions, as well as a trial judge's interpretation of the law are subject to our de novo review. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010).

Child support awards and modifications are left to the sound discretion of the trial judge; we are therefore limited to determining whether there was an abuse of discretion. Innes v. Innes, 117 N.J. 496, 504 (1990); Raynor v. Raynor, 319 N.J. Super. 591, 605 (App. Div. 1999). "The trial [judge] has substantial discretion in making a child support award." Tannen v. Tannen, 416 N.J. Super. 248, 278 (App. Div. 2010) (quoting Foust v. Glaser, 340 N.J. Super. 312, 315 (App. Div. 2001)). A child support determination will not be set aside unless it is shown to be manifestly unreasonable, unsupported by substantial evidence, or "the result of whim or caprice." Ibid. (quoting Foust, 340 N.J. Super. at 315).

Under New Jersey law, "[i]n appropriate circumstances, parental responsibility includes the duty to assure children of a college and even of a postgraduate education," Newburgh v. Arrigo, 88 N.J. 529, 544 (1982), even though the child would otherwise be emancipated under N.J.S.A. 2A:17-56.67. A Family Part judge determining whether a parent should contribute to a child's higher education is required to consider the twelve factors set forth in Newburgh, which "the Legislature essentially approved . . . when amending the support statute, N.J.S.A. 2A:34-23(a)." Gac v. Gac, 186 N.J. 535, 543 (2006). We add that the determination of whether a parent is required to contribute to a child's college education applying the Newburgh factors is distinct from the

calculation of child support owed to the parent of primary residence pursuant to the child support guidelines.

## A.

We first address defendant's contention that the reconsideration judge erred in finding that the child was a full-time student during the period after she had returned to live with plaintiff. Defendant argues that the court should have demanded more definitive proof of not just the child's enrollment but her continued school attendance. We disagree. The reconsideration judge accepted the child's testimony as credible and we see no basis upon which we might substitute our judgment for the Family Part judge's. We thus conclude that the reconsideration judge's factual conclusion as to the child's enrollment status was supported by sufficient credible evidence.

## B.

We next address defendant's contention that the reconsideration judge erred by denying his motion to terminate child support due to the child's financial independence. At the December 14, 2020 termination hearing, defendant catalogued the child's recent income, including public unemployment and pandemic assistance. He estimated that, combined with the child's earnings from a period of full-time employment, "the child made at least over $17,000"

in the preceding nine months. In light of the child's full college scholarship, which defendant said covered not only tuition, room and board, but also books, transportation and various other sundry needs, defendant argued that his continued financial obligation was unnecessary and so should be terminated.

However, when defendant asked, at the modification hearing, whether the reconsideration judge would consider the child's income and her lack of "bills or responsibilities of any kind," the judge explained that she would not. The reconsideration judge rejected defendant's argument and refused to "consider [the child's] work [income] as against [defendant's] obligation . . . ." The judge's "sense" was that the child was "working so she [could] support other aspects of her life" such as transportation.

As we have noted, the determination of child support obligations is separate and distinct from the determination whether a parent is obligated to contribute to a child's college education applying the Newburgh factors. Although "the financial resources of the child" and "the ability of the child to earn income" are among the Newburgh factors, 88 N.J. at 545, a court is not required to consider the child's income in calculating the amount of child support owed to the parent of primary residence. Cf. Martinetti v. Hickman, 261 N.J. Super. 508, 513 (App. Div. 1993) ("[t]he tests of Newburgh v. Arrigo are to be

applied only where a contribution toward the direct costs of higher education is sought."). We are thus satisfied that the reconsideration judge did not abuse her discretion in determining defendant's child support obligations.

C.

We turn next to defendant's contention that the reconsideration judge erred in calculating the credit due toward his arrears by effectively awarding plaintiff retroactive child support to a date before the date on which she filed her request for the modification. The record clearly shows that the reconsideration judge explicitly ordered that plaintiff be awarded child support retroactive to the date on which she filed her motion to modify the child support order. The judge stated:

> Ms. Gipple, your application was filed in November. I needed an exact date but I'm not going to get it until I get the physical file. Nobody can get it electronically.
> That's going to take a little while to fashion[,] but you are entitled to your child support retroactive to that November date 2019.

The written order reflects a November date, as indicated by the reconsideration judge's oral findings. Defendant was ordered to "pay support . . . in the amount of: $101 (Child Support) + $9 (Arrears Payment) payable = $110 (Total) payable WEEKLY effective [November 26, 2019.]"

17

However, the record before us is unclear as to whether the actual calculation of the arrears balance was based not on the November 26, 2019 date but rather the earlier date on which the child resumed living with her mother, that is, the date on which plaintiff was restored as the parent of primary residence.[4] We therefore deem it necessary and prudent to remand the matter to the Family court for the limited purpose to clarify its ruling and to confirm that the calculation of arrears is based upon the modification of child support effective as of November 26, 2019. We do not retain jurisdiction.

To the extent that we have not explicitly addressed them, any remaining contentions raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed in part and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] As a general proposition, N.J.S.A. 2A:17-56.23(a) precludes the retroactive modification of child support, subject to exceptions. We note that "[u]nder N.J.S.A. 2A:17-56.23(a), a court may retroactively establish or increase one's child support obligation back to at least the filing date of the application, or forty-five days earlier upon service of advance written notice." Cameron v. Cameron, 440 N.J. Super. 158, 166 (Ch. Div. 2014) (emphasis added)); see also J.S. v. L.S., 389 N.J. Super. 200, 206 (App. Div. 2006) ("This court has concluded that '[n]othing in the legislative history suggests that the law was enacted to protect 'parents' from retroactive modifications increasing support obligations where equitable.'" (quoting Keegan v. Keegan, 326 N.J. Super. 289, 294 (App. Div. 1999))). So far as the record reflects, plaintiff made no application for retroactive modification of child support earlier than November 26, 2019.

A-1726-20